PINGRY ET AL. *v.* INDIANA HYDRO-ELECTRIC POWER
COMPANY.

LOWE ET AL. *v.* INDIANA HYDRO-ELECTRIC POWER
COMPANY.

LOWE ET AL. *v.* INDIANA HYDRO-ELECTRIC POWER
COMPANY.

[Nos. 24,418, 24,455, 24,456.    Filed March 19, 1926.]

1. EMINENT DOMAIN.—*Electric company is authorized to appropriate fee of lands necessary for its purposes.*—An electric power company organized under Acts 1907 p. 277, §5533 *et seq.* Burns 1926, is authorized to appropriate the fee of lands necessary to the carrying out of its objects, and, in a proceeding to condemn lands for its use, where issue was joined on plaintiff's authority to take the fee, the trial court had jurisdiction to appoint appraisers to assess the damages to landowners by appropriating the fee of their lands.   p. 427.

2. APPEAL.—*No question as to sufficiency of evidence to sustain decision is presented on appeal where appellant's brief does not contain recital of the evidence as required by the rules of court.*—No question as to the sufficiency of the evidence to sustain the decision of the trial court is presented on appeal where appellant's brief does not contain a recital of the evidence as required by the fifth subdivision of Rule 22 of the Supreme and Appellate Courts.   p. 429.

From Tippecanoe Superior Court; *Joseph G. Ibach,* Special Judge.

Separate condemnation proceedings by the Indiana Hydro-electric Power Company against Scelnira Pingry and others, Edward S. Lowe and others and Charles S. Lowe and others.   From an order appointing appraisers, the defendants appeal.   *Affirmed.*

*James W. Noel* and *Gaylord & Sills,* for appellants.

*Mote & Goodrich, Emory B. Sellers* and *Stuart, Simms & Stuart,* for appellee.

EWBANK, C. J.—Each of these cases is an appeal from an interlocutory order appointing appraisers to assess

the damages of landowners by reason of the fee
1. simple title of lands in and near the channel of
the Tippecanoe river having been appropriated
for the purpose of being overflowed by waters impound-
ed in a dam constructed to produce water power. Ap-
pellee, as plaintiff in each case, alleged in its complaint
that it was incorporated under the act authorizing the
formation of companies for the manufacture and sale
of electricity for heating, lighting and power purposes
to towns and cities and to the public, defining their
powers, approved March 9, 1907, and the various acts
amendatory thereof and supplemental thereto (§§5533
*et seq.* Burns 1926, Acts 1907 p. 277). That plaintiff
was the owner of a damsite on the Tippecanoe river lo-
cated on certain described lands, at which place it was
proposing to erect a dam across the Tippecanoe river
for the purpose of manufacturing electricity to be sold
to towns and cities and to the public for heating, light-
ing and power purposes, and was taking steps toward
the erection and completion of a dam and power house
there, and intended in good faith to complete the dam
and to enter upon the business of manufacturing elec-
tricity for said purposes. That the construction and
maintenance of said dam would cause the waters of the
river to overflow certain described portions of tracts of
land which were alleged to belong to the defendants.
And that the lands so sought to be appropriated and
condemned are necessary and desirable for the carrying
out of the said purposes for which plaintiff was or-
ganized. Each complaint also alleged that plaintiff, in
good faith, had made an attempt to purchase the land
in question from the defendant owners, but had failed
to agree with them for its purchase, and that a plat
of the land of defendants which would be affected was
filed with such complaint as an exhibit.

Appellants insist that even if the facts alleged be sufficient to establish plaintiff's right to appropriate these lands under the power of eminent domain, they only show it entitled to condemn an easement for purposes of overflowing the lands, and that the court was without jurisdiction to appoint appraisers to assess the damages upon taking a fee simple title. The statute under which plaintiff alleged it was incorporated provides that every corporation organized under its provisions for the purposes for which plaintiff is alleged to have been incorporated, "is hereby fully empowered and authorized to acquire, build, construct, own, maintain and operate all necessary and convenient lands, buildings, structures, dams, machinery, poles, wires and other things and devices, and to this end, to appropriate and condemn lands of individuals and private corporations, or any easement in such land necessary to the carrying out of its objects," etc. And that the appropriation and condemnation of lands and easements as therein authorized should be in the manner prescribed by the Eminent Domain Act of 1905. §5540 Burns 1926, Acts 1907 p. 277, §8. And said act of 1905 provides that upon the filing of a complaint in the form substantially as above set out, by any person, corporation or other body having the right to exercise the power of eminent domain for any public use, notice shall issue to the owner of the land sought to be appropriated, after which objections may be filed, that may include objections on the ground that the court has no jurisdiction either of the subject-matter or the person, or that plaintiff has no right to exercise the power of eminent domain for the use sought; and that, if such objections are overruled, the court, or judge, shall appoint appraisers as provided in the act. §§7680 *et seq.* Burns 1926, Acts 1905 pp. 59-62. And it appears from the record in each of these cases that such objections, and

also objections on the ground it was not necessary to appropriate the fee simple title, were filed, and after an exhaustive hearing were overruled. Plaintiff being authorized by statute to appropriate and condemn lands "necessary to the carrying out of its objects," and issue having been joined on its authority to take the fee simple title of these lands as being "necessary" for its purposes, the trial court clearly had jurisdiction to decide the issue thus presented. And jurisdiction to decide includes jurisdiction to decide wrong, as well as right, subject only to review on appeal. Appellant's objections to the jurisdiction of the court are not well taken.

Appellants have not set out in their respective briefs a condensed recital in narrative form of the evidence given in the case, as required by the fifth subdivision of Rule 22 in order to present in this court questions relating to the sufficiency of the evidence to sustain the decision, and no question is before us as to whether or not the proof showed the appropriation of the fee not to be necessary, or showed that plaintiff was seeking to condemn more land than was necessary to the carrying out of its objects.

2.

All other questions presented are decided adversely to the contentions of appellant by the case of *Lowe* v. *Indiana, etc., Power Co.* (1926), *post* 430, 151 N. E. 220. And on the authority of that decision each of these judgments must be affirmed.

The death of Scelnira Pingry, appellant in cause No. 24,418, having been suggested, the judgment in that case is affirmed as of the date of its submission. And the judgment in each of the causes numbered 24,455 and 24,456 is also affirmed.