STATE EX REL. FOREMAN *v.* CIRCUIT COURT
OF KOSCIUSKO COUNTY ET AL.

[No. 30,006. Filed November 14, 1961.]

*D. Burdette Custer,* and *Custer & Smith,* of Decatur, for relator.

*Seth E. Rowdabaugh, pro se.*

JACKSON, J.—This is an original action seeking a writ of mandate and prohibition against the respondents.

On September 12, 1960, this court granted an alternative writ of mandate and prohibition ordering that a change of venue be granted in the case of *Foreman* v. *Longfellow et al.,* or that respondent court file a return showing cause by October 21, 1960. Such return was filed October 17, 1960.

The record of the proceedings herein involved shows the following state of facts:

On April 4, 1960, relator filed his suit to foreclose a mechanic's lien in the Kosciusko Circuit Court, naming James O. Longfellow, Florence V. Longfellow; LaGrange Lumber and Coal Company; the United States of America; Peoples State Bank, Leesburg, Indiana; the American Coal and Supply Company, Inc.; Raymond McGlennen; Coppes, Inc.; and George Gross, d/b/a Gene's Electric as party defendants.

2. On April 25, 1960, the LaGrange Lumber and Coal Company entered a general appearance by counsel and filed an answer in three paragraphs. The first paragraph being a denial under Rule 1-3, and the second and third paragraphs brought in affirmative matter.

3. On May 27, 1960, the defendants, the Longfellows, appeared generally and answered by denial under Rule 1-3.

4. On June 9, 1960, the defendant Coppes, Inc., appeared generally and filed three paragraphs of answer, one in denial and two affirmative paragraphs of answer to the complaint.

5. On June 15, 1960, the Peoples State Bank entered appearance and filed answer in three paragraphs, one in denial under Rule 1-3 and two paragraphs of affirmative answers.

6. On June 27, 1960, the defendants, American Coal and Supply Company, Inc., filed answer in three paragraphs, one in denial under Rule 1-3 and two paragraphs of affirmative answers.

7. A pre-trial conference to close the issues was held on July 18, 1960. Relator at this time filed replies, answering all affirmative allegations by the

various defendants in their answers by denial under Rule 1-3.

The United States of America on this date appeared specially and stated that the summons relevant to it was insufficient to give the court jurisdiction. The record fails to show any further disposition of the case as concerns the Federal Government.[1] The cause was dismissed as to the defendant George Gross d/b/a Gene's Electric.

On the same date as the pre-trial conference, defendant, Raymond McGlennen, appeared and answered in denial under Rule 1-3. The trial was set for September 20, 1960.

8. On July 26, 1960, relator filed his motion for a change of venue from the county, which was at that time overruled.

The issue in this action is whether or not relator's motion for change of venue was timely. Rule 1-12B requires that the motion for change of venue must be filed "not later than ten (10) days after the issues *are first* closed on the merits . . . ." (Emphasis supplied.) The question here is when, under the present state of facts, were the issues first closed?

Acts 1881 (Spec. Sess), ch. 38, §370, p. 240, being §2-1203, Burns' 1946 Replacement, provides as follows:

"Issues of fact:—An issue of fact arises:

"First. Upon a material allegation in the complaint, denied by the answer.

"Second. Upon material new matter in the answer, denied by the reply.

---

1. Page 2, Verified Petition For Writ Of Mandate and Prohibition. "Respondents dismissed the cause as to the United States of America."

"Third. Upon material new matter in the reply, which shall be considered as controverted by the opposite party without further pleading." F. W. & H. Ind. Tr. & App. Pract., §1441, Comment 10, p. 188, and §1712, Comment 6, p. 336.

It will thus be seen that some of the issues may be closed at different stages of the proceedings. Rule 1-12B provides that the motion for a change of venue *shall* be filed within ten days of the time when the issues are "first closed." See: *State ex rel. Janelle* v. *Lake Sup. Ct. et al.* (1957), 237 Ind. 3, 143 N. E. 2d 288.

Here it appears that the issues were first closed on July 18, 1960, by the filing of replies to defendants' affirmative answers. Relator had until July 29, 1960, in which to file his affidavit for change of venue. (Rule 1-12B)

The alternative writ heretofore issued is made permanent.

Landis, C. J., Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 896.