STATE OF INDIANA EX REL. INDIANAPOLIS POWER & LIGHT CO. *v.* DAVIESS CIRCUIT COURT ET AL.

[No. 30,680. Filed May 6, 1965.]

*Ralph W. Husted, David E. Schnorr, Charles M. Wells,* and *Barnes, Hickam, Pantzer & Boyd,* of counsel, of Indianapolis, and *Alvin Seal,* of Washington, and *Carl M. Gray* and *Gray & Waddle,* of counsel, of Petersburg, for relator.

*Claude M. Warren,* and *Goodrich & Warren,* of counsel, of Indianapolis, and *Jack Hayes* and *Robert O. Chambers,* of Washington, for respondent.

JACKSON, J.—Relator filed its verified petition for a Writ of Mandate in this Court on October 26, 1964, and on the same date we issued the writ in the alternative.

The respondents filed their return and answer to the alternative writ of mandate previously issued, and in said return allege:

"1. The Writ should not be made permanent.

"2. The Writ should be dissolved for the reason that:

"(a) A change of Judge is not authorized in eminent domain proceedings.

"(b) The motion for change of Judge was not filed until more than ten (10) days had elapsed since the filing of objections by Graham Farms, Inc. and the City of Washington, the only pleading contemplated or authorized by Section 3-1705, Burns Indiana Statutes Annotated.

"(c) The motion for change of Judge was not timely filed."

Relator's brief filed herein sets forth in chronological order the facts in the case as follows:

July 20, 1964, relator filed its complaint to condemn

an electric transmission line easement; statutory notice issued returnable July 31, 1964.

July 31, 1964, the landowner, Graham Farms, Inc., appeared; asked for time in which to file objections, which was granted to August 10, 1964, hearing to be August 18, 1964.

August 11, 1964, Graham Farms, Inc. filed objections asking that complaint be dismissed.

On August 20, 1964, relator filed demurrer to objections.

August 28, 1964, realtor's demurrer sustained; hearing set for September 17, 1964.

August 29, 1964, hearing reset for September 25, 1964.

September 25, 1964, Graham Farms, Inc. filed motion to reconsider ruling on demurrer; granted; demurrer overruled as to objections numbered 7, 8 and 9; sustained as to other objections (numbered 1 through 6 and 10 through 14); City of Washington filed petition to intervene; granted, over relator's objection; City given until October 1st to file objections to complaint, hearing thereon to be October 5th.

October 1, 1964, City of Washington filed objections asking that the action abate until relator complied with local zoning ordinance.

October 3, 1964, relator filed demurrer to City's objections.

October 13, 1964, demurrer to City's objection overruled.

October 15, 1964, relator filed motion for change of judge.

October 17, 1964, City filed objections to change of judge asserting that such a motion was not authorized due to Acts 1905, ch. 48, §5, p. 59, §3-1705, Burns' 1946 Replacement, and if authorized was too late; objections sustained and change of judge denied.

The alternative writ heretofore issued by this Court on October 26, 1964, in pertinent part reads as follows:

" . . . that an alternative writ of mandate be issued by the Clerk of this court commanding the Daviess Circuit Court and Honorable Fred Dobbyn, the regular Judge thereof, to grant relator's motion for a change of venue from said Judge in the cause pending in the Daviess Circuit Court entitled Indianapolis Power & Light Company v. Graham Farms, Inc., and City of Washington, Indiana, being Cause No. 25641, or, on failure so to do, that said respondents file their return showing any reason in law or in fact why this writ should not be made permanent, on or before Nov. 16, 1964."

Relator instituted in the court below against the defendant, Graham Farms, Inc., an action to condemn a right-of-way for an electric transmission line being cause No. 25641 on the docket of the Daviess Circuit Court.

At this stage in the proceedings we are not interested in the merits in the case below and consequently deem it unnecessary to extend the discussion on the merits beyond that to which we have heretofore referred.

Respondents' return to the alternative writ succinctly sets forth the issues to be determined in the case at bar.

The respondents aver that Acts 1905, ch. 48, §5, p. 59, §3-1705, Burns' 1946 Replacement, under which the eminent domain proceedings were brought state, in part.

" . . . and no pleadings other than the complaint and such statement or objections shall be allowed in such cause, . . . ",

and respondent states further that a motion for change of venue is a pleading citing *State ex rel. O'Neill* v. *Pyle* (1933), 204 Ind. 509, 184 N. E. 766.

The relator on the other hand states that the procedure to be followed falls under Acts 1929, ch. 6, §1, p.

12, §2-1402, Burns' 1946 Replacement since eminent domain is a special statutory proceeding, and although, admittedly, *Matlock* v. *Bloomington Water Co.* (1925), 196 Ind. 271, 146 N. E. 852, holds that a change of venue from the county cannot be taken, the Court in *Matlock, supra,* clearly limited its decision to county change and *State ex rel. Beckham Sr.* v. *Vanderburgh Cir. Ct.* (1954), 233 Ind. 368, 119 N. E. 2d 713, another special statutory proceeding allowed a change of judge stating at page 372 that "[a] change of venue from the judge may be had in many cases where the statute does not provide for a change from the county. The action at bar is such a case." See also: *State ex rel. Hobbs* v. *Claycombe, Judge, etc., et al.* (1954), 233 Ind. 247, 248, 118 N. E. 2d 489, which holds, " 'It is well settled in this jurisdiction that the mere fact that a proceeding is a special statutory one does not necessarily preclude either of the parties thereto from a change of judge. *Bass* v. *Elliott* (1886), 105 Ind. 517, 5 N. E. 663; *Burkett* v. *Holman, supra; Daniels* v. *Bruce* (1911), 176 Ind. 151, 95 N. E. 569; *Thorn* v. *Silver* (1909), 174 Ind. 504, 92 N. E. 161.' *State ex rel. Wheeler* v. *Leathers, Judge* (1925), 197 Ind. 97, 102, 149 N. E. 900." We conclude the position taken by the relator is sustained by the weight of authority.

The second point raised, as to the timeliness of the motion for change of judge revolves about the meaning in Rule 1-12B(2) of the words " . . . shall be filed not later than ten (10) days after the issues are first closed on the merits." The parties are in agreement that the objections may be tested by demurrer.

Respondent argues that the issues are closed when the objections are filed, while relator successfully argues and supports with authority, the proposition that the issues are not formed until the objections to the complaint have been legally tested by de-

murrer, citing: *State ex rel. Foreman* v. *Circuit Court, etc.* (1961), 242 Ind. 238, 177 N. E. 2d 896; *State ex rel. Joint Co. Park Bd.* v. *Verbarg* (1950), 228 Ind. 280, 91 N. E. 2d 916; *Pingry* v. *Indiana, etc., Power Co.* (1926), 197 Ind. 426, 151 N. E. 226.

This Court has held the purpose of the ten day provision in Rule 1-12B is to "prevent delay in reopening the issues and then filing a motion for change of venue." *State ex rel. Janelle* v. *Lake Sup. Ct., et al.* (1957), 237 Ind. 3, 143 N. E. 2d 288. It is obvious that in the case at bar relator did not reopen any issues since the issues were not formed until two days prior to the filing of the motion for change of venue from judge. The question as to multi-party defendants was decided in *Foreman, supra,* for the purpose of deciding the applicability of Rule 1-12B. In that case the court held that although as to certain parties the issues had been formed at an earlier date, the applicability of Rule 1-12B rested upon the last date when answers in denial were filed, and the ten days tolled from the latter date.

The alternative writ heretofore issued on October 26, 1964, is now made permanent.

Myers and Achor, JJ., concur.

Arterburn, C. J., and Landis, J., concur in result.

NOTE.—Reported in 206 N. E. 2d 611.