STATE EX REL. DILLON, ATTORNEY GENERAL *v*. SUPERIOR COURT ROOM 1 MARION CO. LINDER, SPECIAL JUDGE.

[No. 31,059. Filed January 9, 1968.]

*John J. Dillon,* Attorney General, *Donald R. Ewers,* Assistant Attorney General, for relator.

*Frank Spencer, Rochford & Blackwell,* of Indianapolis, for respondent.

PER CURIAM.—This matter arose by way of a verified petition for a writ of mandate directing a change of venue under Supreme Court Rule 1-12B. The alternative writ of mandate was not granted.

On the 15th of November 1962, the State of Indiana as plaintiff filed its complaint against Louis M. Annee and Mildred C. Annee, husband and wife, and the American Fletcher National Bank and Trust Company for appropriation of real estate. The respondent John F. Linder was the duly selected qualified acting judge of Marion County Superior Court, Room No. 1 qualified to hear Cause No. S62-7581. Summonses were served and appearances made on the part of the defendants Louis M. Annee and Mildred C. Annee, husband and wife, by the attorneys for the respondents and the American Fletcher National Bank and Trust Company. Thereafter, the bank filed a disclaimer.

A trial by jury was held upon plaintiff's second amended complaint commenced October 6, 1964, and defendants Louis M. Annee and Mildred C. Annee, by their attorneys, filed a motion to withdraw submission of the cause from the jury on the 14th of October, 1964. The court sustained said defendants' motion to withdraw and ordered the plaintiff, State of Indiana, in effect to amend its pleadings. The pleadings were thereafter amended, and Lake Shore Country Club, Inc. was made a party defendant to the proceedings, appearing by the same attorneys who represented the other defendants.

On May 26, 1965, the plaintiff, State of Indiana, filed its fourth amended complaint for the appropriation of real estate containing the amended plat and correct description of the land sought to be taken for highway purposes as the court had ordered. Thereafter, appraisers provided by statutes were appointed and filed their return. Exceptions to the appraisers' report were filed by the plaintiff and a demand for a jury trial was made on July 1, 1965. On the 7th of July, 1965, plaintiff, by counsel, moved for a change of venue from the county, and defendants jointly and severally, by counsel, filed objections and exceptions to the latest report of appraisers which had been filed June 28, 1965. Plaintiff's motion for a change of venue was likewise opposed by the defendants. On the 15th of December, 1965, the court took up the hearing and consideration of plaintiff's motion for a change of venue from the county and the court refused to grant the plaintiff, State of Indiana, a change of venue from the county.

The sole issue before this court is the question of the time of the closing of the issues on their merit.

It is the law that the issues to be tried in condemnation proceedings are those joined and raised by the report of the appraisers as to the benefits and damages assessed and the exceptions filed thereto by the aggrieved party. *Morrison* v. *Indianapolis, etc. R. Co.* (1906), 166 Ind. 511, 529, 76 N. E. 961, 967, 77 N. E. 744. Also *VanSickle* v.

*Kokomo Water Works Company* (1959), 239 Ind. 612, 158 N. E. 2d 460.

The issues on the merit in this matter were not closed by the first appraisal report since additional aggrieved parties were added and the last amended complaint was in fact a different one by the change of the plat and correct description of the land sought to be taken for highway purposes. This presented a new issue.

It has been held that in determining whether an amended complaint states a new cause of action, the court must look to the substantial nature of the case and not to the strict form of its presentation. *Maher* v. *Hadfield* (1949), 119 Ind. App. 348, 86 N. E. 2d 716.

In the case of *State ex rel. Foreman* v. *Circuit Court of Kosciusko County et al.* (1961), 242 Ind. 238, 177 N. E. 2d 896, the court states:

> "The issue in this action is whether or not relator's motion for a change of venue was timely. Rule 1-12B requires that the motion for change of venue must be filed 'not later than ten (10) days after the issues are first closed on the merits . . .' The question here is when, under the present state of facts, were the issues first closed? Acts 1881 (Spec. Sess.), ch. 38, § 370, p. 240 being § 2-1203, Burns' 1946 Repl., provides as follows:
>
> 'Issues of fact:—An issue of face arises:
>
> 'First.   Upon a material allegation in the complaint, denied by the answer.
>
> 'Second.  Upon material new matter in the answer, denied by the reply.
>
> 'Third.   Upon material new matter in the reply, which shall be considered as controverted by the opposite party without further pleading.' F. W. & H. Ind. Tr. & App. Pract., § 1441, Comment 10, p. 188, and § 1712, Comment 6, p. 336.
>
> It will thus be seen that some of the issues may be closed at different stages of the proceedings. Rule 1-12B provides that the motion for a change of venue shall be filed within ten days of the time when the issues are 'first closed.' See:

*State ex rel. Janelle* v. *Lake Superior Court et al.* (1957), 237 Ind. 3, 143 N. E. 2d 288.

Here it appears that the issues were first closed on July 18, 1960, by the filing of replies to defendants' affirmative answers. Relator had until July 29, 1960, in which to file his affidavit for change of venue. (Rule 1-12B)."

The issues were first closed on the merits on the fourth amended complaint on July 1, 1965, the same day that plaintiff filed its exceptions to appraisers' report and demand for trial by jury. In accordance with Supreme Court Rule 1-12B, the plaintiffs timely filed their request for a change of venue from the county on July 7, 1965, inasmuch as the proceedings in said cause of action were in fact *de novo*.

It is the opinion of the court that the petition fror a writ of mandate be granted, and the Superior Court of Marion County, Indiana, Room No. 1 directing and commanding said court to grant the State of Indiana, the plaintiff in Cause No. S62-7581, a change of venue from the county.

NOTE.—Reported in 232 N. E. 2d 602.