STATE OF INDIANA ON THE RELATION OF DONALD CHAMBERS
AND PHYLLIS A. CHAMBERS *v.* THE JEFFERSON CIRCUIT COURT,
AND PAUL R. SCHNAITTER, JUDGE.

[No. 674S113.  Filed September 11, 1974.]

*Peter L. Obremskey, Parr, Richey, Obremskey, Pedersen & Morton,* of Lebanon, *Hensley, Todd & Castor,* of Madison, for relators.

*Frank T. Lewis,* of Plainfield, *Schnaitter and Leininger,* of Madison, *Cooper, Cox, Jacobs and Kemper,* of Madison, for respondents.

ORIGINAL ACTION

GIVAN, J.—This is an original action brought by the relators asking this Court to mandate the respondent court to grant

a change of venue from the judge in a cause of action entitled "Public Service Company of Indiana v. Donald Chambers and Phyllis A. Chambers," the same being cause number 5464 in the Jefferson Circuit Court.

We deny relators' petition.

The record discloses the following facts:

On the 20th day of March, 1974, the Public Service Company of Indiana filed a complaint in condemnation against Donald Chambers and Phyllis A. Chambers and the Madison Bank and Trust Company.

On April 8, 1974, the defendants by counsel filed objections to the complaint.

On May 1, 1974, the defendants by counsel filed a motion for change of venue from the judge pursuant to Trial Rule 76 of the Indiana Rules of Civil Procedure. It is relators' claim that their motion for change of judge was timely. They take the position that the issues in an eminent domain action are not closed upon the filing of the complaint, but rather only after the objections to the complaint have been legally tested by a motion to dismiss under Rule 12(B)(6) of the Indiana Rules of Civil Procedure or by filing exceptions to the appraisers' report.

In support of their position the relators cite *State ex rel. Indianapolis Power and Light Company* v. *Daviess Circuit Court* (1965), 246 Ind. 468, 206 N.E.2d 611, 5 Ind. Dec. 384.

It is true the above case does hold that the then Rule 1-12B(2) which is now Trial Rule 76(2), applies in condemnation proceedings and, therefore, a change of venue may be taken within ten days of the closing of the issues, and that the issues are not closed until the objections to the complaint have been legally tested by a demurrer.

We cannot agree with this position and, therefore, overrule that portion of the decision in *State ex rel. Indianapolis Power and Light Company* v. *Daviess Circuit Court, supra.* Trial Rule 76(3) provides as follows:

"(3) Provided, however, in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days after the filing of such case within which to request a change from the judge or the county."

Condemnation proceedings are summary in nature until the question of damages is reached. *Matlock* v. *Bloomington Water Company* (1925), 196 Ind. 271, 146 N.E. 852, 149 N.E. 198.

This Court has previously recognized that if, following the filing of a complaint in condemnation, no objections are filed, the trial court may proceed to hear evidence to satisfy the court of the legality of the proceedings. Once satisfied, the court may proceed to enter an order of appropriation and appoint appraisers to assess the damages. See *Lake County Trust Company* v. *Indiana Port Commission* (1967), 248 Ind. 362, 229 N.E.2d 457, 11 Ind. Dec. 133.

We, therefore, hold that no responsive pleading is necessary following the filing of a complaint in condemnation. Therefore, Trial Rule 76(3) is applicable. The relators in this case had thirty days following the filing of the complaint in condemnation within which to file a motion for change of judge. That time had expired when their motion for change of judge was filed.

We, therefore, deny relators' petition.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 316 N.E.2d 353.