**STATE of Indiana, Relator,**

v.

**The PORTER CIRCUIT COURT and the Honorable Raymond D. Kickbush, as Judge Thereof, Respondents.**

**No. 1085 S 428.**

Supreme Court of Indiana.

Dec. 23, 1985.

Linley E. Pearson, Atty. Gen., David A. Nowak, Deputy Atty. Gen., Indianapolis, for relator.

Greg Hagen, Valparaiso, Duane W. Hartman, Blachly, Tabor, Bozik & Hartman, Valparaiso, for respondents.

GIVAN, Chief Justice.

On August 23, 1985, the State of Indiana filed its complaint for appropriation of real estate in an action designated *State of Indiana v. City of Valparaiso,* Cause No. 85–PCC–172, in the respondent court. On September 9, 1985, the State filed its Motion for Change of Venue from the County. On October 1, 1985, the respondent denied relator's Motion for Change of Venue from the County. On October 24, 1985, this Court conducted a hearing on the State's Petition for Writ of Mandamus and Prohibition against the respondent court and judge. Following that hearing, this Court issued an Alternative Writ of Mandamus and Prohibition in which the respondent judge was ordered to vacate his Order of October 1, 1985, which:

"(A) Denied the Relator's Motion for Change of Venue from the County in the case of *State of Indiana v. City of Valparaiso,* Cause No. 85–PCC–172;

"(B) Denied the Relator's Motion for Change of Venue from the County in the case of *Ray Mazalan v. State of Indiana,* Cause No. 85–PCC–183;

"(C) Granted the Motion to Intervene filed by Ray Mazalan in the case of

*State of Indiana v. City of Valparaiso,* Cause No. 85–PCC–172;

"(D) Granted the Relator's Motion for a More Definite Statement filed in the case of *Ray Mazalan v. State of Indiana,* Cause No. 85–PCC–183, and;

"(E) Granted the Motion to Consolidate filed by Ray Mazalan in the case of *Ray Mazalan v. State of Indiana,* Cause No. 85–PCC–183, and said cause was consolidated with the case of *State of Indiana v. City of Valparaiso,* Cause No. 85–PCC–172."

This Court further ordered the respondent to Order a Change of Venue from the County and to refrain from exercising further jurisdiction in the cases of *State of Indiana v. City of Valparaiso,* Cause No. 85–PCC–172, and *Ray Mazalan v. State of Indiana,* Cause No. 85–PCC–183. That alternative writ is now made permanent.

When one examines the series of cases which will be cited later in this opinion, it is not surprising that a trial judge would find it difficult to .determine the proper procedure in condemnation cases. The first case to be discussed is *Matlock v. Bloomington Water Co.* (1925), 196 Ind. 271, 146 N.E. 852, *reh'g denied,* 196 Ind. 280, 148 N.E. 198. In that opinion, this Court held that the first stage of a condemnation action was a summary proceeding and that territorial location of the court could make no possible difference. Thus no change of venue would lie until the court reached the second stage concerning the question of damages.

In *State ex rel. Indianapolis Power & Light Co. v. Daviess Circuit Court* (1965), 246 Ind. 468, 206 N.E.2d 611, this Court held that the then Rule 1–12B(2), which is now Ind.R.Tr.P. 76(2), applies in condemnation proceedings and therefore a change of venue may be taken within ten days of the closing of the issues. The Court further held the issues are not closed until the objections to the complaint have been legally tested by demur. In *State ex rel. Chambers v. Jefferson Circuit Court*

(1974), 262 Ind. 337, 316 N.E.2d 353, this Court expressly overruled that portion of the decision in *State ex rel. Indianapolis Power & Light Co., supra.* In doing so this Court cited Ind.R.Tr.P. 76(3) and *Matlock, supra,* pointing out that condemnation proceedings are summary in nature until the question of damages is reached.

The Court proceeded to hold that since no responsive pleading is necessary following the filing of a complaint in condemnation Ind.R.Tr.P. 76(3) is applicable and that either party has thirty (30) days following the filing of the complaint within which to request a change from the judge or the county. The apparent conflict between *State ex rel. Chambers* and *Matlock* is explained by the fact that *Matlock* was decided at a time when a statute governed the procedure involved concerning change of venue whereas *State ex rel. Chambers* was decided under Ind.R.Tr.P. 76.

It is the position of this Court, after careful consideration of the cases involved and the present rules, that the practice which should be followed is that laid down in *State ex rel. Chambers, supra.* When an action in condemnation is filed, the trial court has certain duties to perform even though neither party files objections to the proceeding. Thus one of the parties may desire a change of judge or. a change of venue.

Notwithstanding the well-reasoned opinions issued over the years in this type of litigation, it is now the considered opinion of this Court that there would be less confusion and that litigants on both sides would be best served if there was a clear understanding of how to proceed to obtain either a change of judge or a change of venue. We therefore reiterate our position in *State ex rel. Chambers, supra* and hold that Ind.R.Tr.P. 76(3) applies in condemnation actions and that each party shall have thirty (30)· days after the filing of the original complaint to request a change from the judge or from the county.

The alternative writ heretofore issued against the respondents is now made permanent.

PRENTICE, PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

It is my opinion that the court should declare that the right to a change of venue from the county in eminent domain proceedings cannot be exercised until the issue of damages has been formed by the filing of exceptions to the report of appraisers. This is the express holding of *Matlock v. Bloomington Water Co.* (1925), 196 Ind. 271, 146 N.E. 852. It is predicated upon the proposition that the right of the landowner to resist an alleged unlawful seizure of private property by government through an exercise of the power of eminent domain is restricted by statute to a summary proceeding in which "the territorial location of the court can make no possible difference, until the point is reached of trying the question of damages." *Matlock* at p. 275, 146 N.E. 852. *State ex rel Chambers v. Jefferson Circuit Court* (1974), 262 Ind. 337, 316 N.E.2d 353 followed by the majority opinion, is a change of judge case, and does not hold as declared by the majority that there is a right to a change of venue from the county in the summary proceeding of an eminent domain action, however, even if it did, through its recognition of the applicability of Ind.R.Tr.P. 76(3), we should now, in light of the detailed consideration of the precise issue, overrule any such implicit holding.

The serious impingement which the majority policy inflicts without good cause upon the rights of the parties in eminent domain cases is obvious. It will delay the right of entry of the government, and it will render the right of the landowner to resist more costly. It will obstruct the assessment of damages by court-appointed appraisers and render them more costly. These are real costs, and they far outweigh any need to reduce the potential for "confusion".

This court has repeatedly sanctioned restrictions upon the right to change of venue from the county that it would not approve for the right to change of venue from the judge, and for good reason. There is for example no right to a change of venue from the county at all in the Marion Municipal Courts where cases of substantial nature are tried. Our own rule governing post-conviction remedies provides for a change of venue from the judge while denying the right to change of venue from the county. In this case, we should permit the balance struck by the legislature in the eminent domain statute between the citizen landowner and the government which arises from its declaration that early proceedings be summary and then followed by the assessment of damages by court-appointed appraisers, to override our desire for uniformity in application of the change of venue rule.