STATE of Indiana on the Relation of NORTHERN INDIANA PUBLIC SERVICE COMPANY, Relator,

v.

The ELKHART SUPERIOR COURT, ROOM ONE and the Honorable Donald W. Jones, as judge thereof, Respondents.

No. 20S00–8911–OR–862.

Supreme Court of Indiana.

July 11, 1990.

---

Paul A. Rake, Eichhorn, Eichhorn & Link, Hammond, for relator.

Gordon Lord, Yoder, Ainlay, Ulmer & Buckingham, Goshen, for defendants in Trial Court.

## ORIGINAL ACTION

SHEPARD, Chief Justice.

Northern Indiana Public Service Company (NIPSCO), a public utility, sought a writ of mandamus to compel a trial court to grant a motion for change of venue in a condemnation proceeding. We denied the writ and now record the basis for our denial.

On March 15, 1989, NIPSCO filed a complaint in the Elkhart Superior Court seeking to condemn an easement for the construction of an electrical transmission circuit in Elkhart County, Indiana. One part of the easement sought burdened land owned by Donald O. and Martha J. Haab.

The trial court held a hearing pursuant to Ind.Code § 32-11-1-4 and determined that the necessary elements were present for an appropriation of the Haab's property. On May 10, 1989, the court ordered the appropriation of the easement and appointed appraisers to determine the Haabs' loss.

The appraisers filed their report on August 10, 1989. On August 23, 1989, the court issued its order on the report of the appraisers. NIPSCO filed objections to the report and moved for a change of venue on August 31, 1989.

The trial court granted the motion for change of venue on the day it was made and gave the parties fourteen days to complete the striking process. After the parties completed the striking process, however, the court withheld the change of venue order stating:

> It now appearing to the court that a Motion for Change of Venue from County in a condemnation case requires either party to move for a change within 30 days from the filing of the complaint and the Motion for Change of Venue previously filed and granted by the court having been long after the 30 days, the court now finds that the motion granting the change of venue was improvident and now rescinds the previous order and now finds that neither party is entitled to a motion for change of venue from county and now denies the plaintiff's Motion for Change of Venue from County.

Record at 64.

NIPSCO brought this original action. In its brief, NIPSCO argued that it was entitled to a change of venue because its motion for the change was filed within ten days of its exceptions to the report of the appraisers. It acknowledged caselaw applying Ind.Trial Rule 76(3) to the appropriation phase of a condemnation proceeding, but argued that doing so does not foreclose application of Ind.Trial Rule 76(2) to the damages phase of the proceeding.

Indiana Trial Rule 76 states in pertinent part:

> (1) In all civil actions ... where the venue may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the county and only one [1] change from the judge....
>
> (2) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for a change of judge or change of venue shall be filed not later than ten [10] days after the issues are first closed on the merits.

(3) Provided, however, in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days after the filing of such case within which to request a change from the judge or the county.

We discussed the applicability of T.R. 76 to condemnation proceedings in *State of Indiana v. Porter Circuit Court* (1985), Ind., 486 N.E.2d 529. In *Porter*, the trial court refused to grant the State's motion for change of venue which was filed nineteen days after the complaint for appropriation. We issued an Alternative Writ of Mandamus and Prohibition directing the judge to order the change of venue. The opinion examined this Court's prior application of T.R. 76 in condemnation cases and then stated:

> Notwithstanding the well-reasoned opinions issued over the years in this type of litigation, it is now the considered opinion of this Court that there would be less confusion and that litigants on both sides would be best served if there was a clear understanding of how to proceed to obtain either a change of judge or a change of venue. We therefore reiterate our position in *State ex rel. Chambers [v. Jefferson Circuit Court* (1974) 262 Ind. 337, 316 N.E.2d 353] *supra* and hold that Ind.R.Tr.P. 76(3) applies in condemnation actions and that each party shall have thirty (30) days after filing of the original complaint to request a change from the judge or from the county.

486 N.E.2d at 530.

■ The trial court correctly applied *Porter* to this case. A party to a single civil action is entitled to only one change from county and one change from judge. Although a condemnation proceeding has two phases, it is still a single civil action. As we said in *Porter*, T.R. 76(3) determines when the available change from county or judge must be sought in a condemnation proceeding. If the parties fail to move for a change of venue within 30 days of the filing of the original complaint they are precluded from doing so later in the proceeding.

Upon these grounds, we deny the petition for a writ.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.