STATE OF INDIANA EX REL. NICHOLSON *v.* KNOX CIRCUIT COURT, RALPH A. SEAL, JUDGE.

[No. 31,006. Filed December 11, 1967.]

*Emison & Emison,* of Vincennes, *William J. Marshall,* of Princeton, and *Chapman, Richardson & Rusk,* of Washington, for relator.

*Shake & Lewis,* of Vincennes, for respondents.

PER CURIAM.—Petition for a writ of mandate was duly filed with this court and an alternative writ of mandate issued. This matter commenced with the filing of a complaint by the relator with the clerk of the Knox Circuit Court against Raymond Russell Phelps, defendant, for damages for the wrongful death of plaintiff's son, William David Nicholson. Pursuant to the praecipe endorsed upon the complaint, a summons was issued and appearance made on behalf of defendant. Thereafter the plaintiff filed an amended complaint, and an amended answer to said complaint was filed. On the 15th of November, 1965, the said cause was tried in the Knox Circuit Court by a duly sworn jury before Ralph A. Seal, Judge of the Circuit Court.

On the 18th of November, 1965, the jury returned, reporting a deadlock. A mistrial was declared by the judge. Thereafter, on the 19th of April, 1966, the cause was again tried in the Knox Circuit Court, again the jury reported a deadlock on April 22, 1966, again a mistrial was declared by the same judge of the Knox Circuit Court. On the 2nd of May, 1966, a verified motion for a change of venue was filed on behalf of the plaintiff. The defendant objected to said motion and on June 6th, the motion for a change of venue was overruled.

The respondents' position indicates that a change of venue should not be permitted after a "hung jury," and that Supreme Court Rule 1-12B, subdivision 5 does not apply. Both relator and respondents agree that this question is one of first impression in Indiana. The relator contends that under Supreme Court Rule 1-12B (5) that properly their motion for a change of venue should prevail; said section reads as follows:

"Provided further, when a new trial is granted, whether the result of an appeal or not, the parties thereto shall have ten days from the date the order granting the new trial is entered on the record of the trial court."

In this behalf the case of *Ashbaugh* v. *Edgecomb*, (1859), 13 Ind. 466 was cited. In that case, the court submitted the

matter to the jury which retired to deliberate with instructions to seal their verdict and bring it to the court the following morning. In the meantime the court did adjourn until the next morning. The following morning the jury represented to the judge that they were unable to agree on a verdict. The cause was continued until the next term at which time the defendant objected to proceeding to trial until the jury impaneled in the last term should be legally discharged. The objection was overruled and the jury impaneled. The court held that: (at page 468)

> "The jury having been legally discharged by the adjournment of the court, if not by the order of the judge, without having rendered a verdict, it was entirely regular at the next term to impanel a jury, and proceed with the new trial."

The certified record of the last jury trial, April 22, 1966, indicated the following:

> ". . . At 9:30 P.M. the jury reports to the court that they are hopelessly deadlocked and cannot agree to a verdict. The court declares a mistrial and the jury is discharged and this case is continued." (Ralph A. Seal, Judge.)

An examination of the law indicates there is a conflict of authority in other jurisdictions on this question. In 56 Am. Jur. 64 at § 61 it is stated that:

> "There nevertheless may be circumstances under which a change of venue may be sought after trial of the cause and that generally it is held that where the jury fails to agree and for that reason is discharged, a motion for change of venue may then be properly made."

A case similar to the matter before this court is that of *Olsen* v. *City of Sioux Falls* (1935) 63 S.D. 563, 262 N.W. 85, 103 A.L.R. 1022. This case involved an action for depreciation of value of land caused by reason of pollution of a river by defendant city. The action was tried and resulted in a disagreement of the jury. Plaintiff then moved for a change in place of trial and the motion was granted. The appeal sought

to reverse the granting of the motion reasoning that having brought the action in the said county and the issues having been joined and the matter tried in the county resulted in a disagreement of the jury, the plaintiffs had waived their right to a change in another county. The court held otherwise.

It appears that the relator timely filed his motion for a change of venue after the second jury trial resulted in a disagreement. Under Supreme Court Rule 1-12B (*supra*) the relator's motion for a change of venue should be granted.

In the State of Indiana the matter of change of venue has always been liberally treated. The adoption of Supreme Court Rule 1-12B has continued the liberal philosophy of the legislature in regard to the matter of change of venue.

It would seem the end of justice would more properly be served by the granting of a change of venue after two juries had failed to agree on a verdict.

It is to be noted that after the first jury trial the trial court likewise ruled that the matter be continued and a new trial resulted. Similarly, the continuation granted by the court in the second trial would put this mater under the purview of Rule 1-12B, Subdivision 5.

The alternative writ of mandate granting change of venue from the county in said cause entitled William M. Nicholson v. Raymond Russell Phelps, Cause No. 28164 in said Knox Circuit Court now is made permanent.

Judge Arterburn not participating.

NOTE.—Reported in 231 N. E. 2d 508.