STATE OF INDIANA v. THE HANCOCK SUPERIOR COURT, AND THE HONORABLE RICHARD T. PAYNE, JUDGE

[No. 1078S226. Filed January 9, 1979.]

*Theodore L. Sendak*, Attorney General, *James R. Green, Robert S. Spear*, Deputies Attorney General, for relator.

*Richard A. Young, Young & Young*, of Indianapolis, for respondents.

## ORIGINAL ACTION

GIVAN, C.J.—On October 13, 1978, oral argument was had. This Court issued a temporary writ of mandate and prohibition against the Respondent and directed him to grant the Relator's motion for change of venue from the judge. We now make the writ permanent.

The Union County National Bank originally filed suit against the State of Indiana in Cause No. C77-2508 in the Marion Circuit Court. On June 16, 1978, trial was had, but a mistrial was declared when the jury was unable to reach a verdict. On June 26, 1978, the State filed a motion for change of venue from the county. The court granted the motion the

following day. After the parties struck from the list of surrounding counties, the case was venued to the Hancock Superior Court, where it was docketed on July 11, 1978, as Cause No. SC 78-329. On July 14, 1978, the State filed a motion for change of venue from the judge. The motion was overruled and the State then sought immediate relief from this Court.

When a new trial is granted, the parties have a right to a change of venue if filed within ten days from the date the order granting the new trial is entered on the record of the trial court. Ind. R. Tr. P. 76(5); *State ex rel. Nicholson v. Knox Cir. Ct.*, (1967) 249 Ind. 228, 231 N.E.2d 508. In the case at bar, the State filed its motion within ten days. The granting thereof was proper.

When a change of venue from the county is granted, a request for a change of judge may be made by a party still entitled to such change within ten days after the movant has knowledge the cause has reached the receiving county. Ind. R. Tr. P. 76(6). Here, the State moved for the change of judge within three days after the case was docketed in the Hancock Superior Court. The motion, therefore, should have been granted.

Counsel for respondent, however, argues that on June 19, 1978, the Marion Circuit Court reset a date for the new trial and that the failure of the State to register a prompt objection thereto accompanied with a motion for change of venue operates as a waiver of the State's right to a change of venue. See Ind. R. Tr. P. 76(7). The respondent in his order denying the motion for change of judge found such a waiver. Nevertheless, the record as it has come to us gives no indication that the Marion Circuit Court did in fact on June 19, 1978, reset a date for a new trial. The docket sheet entries for that court are void as to such an action. Nor does the remainder of the record show a resetting of the trial. Under such circumstances, it was the duty of the respondent to tender to this Court such portions of the record, if indeed they exist. In the absence thereof, we must presume the record is accurate and there was no such waiver.

Further, even had this record shown that the Marion Circuit Court had reset the trial date without a prompt objection by the State, the respondent still would be compelled to grant the change of judge. The

record indicates that when the State filed its motion for change of venue in the Marion Circuit Court, the plaintiff did not object on the grounds of a TR. 76(7) waiver. Rather, it permitted the case to be venued to and docketed in the Hancock Superior Court, all without objection. This failure to object to the motion for change of venue operated as a waiver of the plaintiff's right to raise the issue of the State's TR. 76(7) waiver. The non-moving party cannot sit idly by and fail to raise the issue of the movant's waiver in the original court, then expect the new court to find that the moving party had initially waived its right to a change of venue.

When the case, therefore, was received in the Hancock Superior Court, the change of venue stood as properly granted since the opposing party had not objected to the change. The respondent judge was bound by our rules to take the case as it came to him.

In ruling on a subsequent motion for change of judge, he had no authority to relate back to a possible waiver of the right to a change of venue in the former court. Thus, so long as the State filed its motion for change of judge within 10 days after it had knowledge the cause had reached the receiving county, it was a party still entitled to a change of judge. See Ind. R. Tr. P. 76(6).

The motion for change of judge is proper and must be granted. Accordingly, the temporary writ of mandate and prohibition is hereby made permanent.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE—Reported at 383 N.E.2d 1042.