STATE of Indiana, Appellant
(Plaintiff Below),

v.

Robert W. DRIVER, Appellee
(Defendant Below).

No. 76A03–8703–CR–74.

Court of Appeals of Indiana,
Third District.

July 30, 1987.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellant.

HOFFMAN, Judge.

The State of Indiana appeals the trial court's dismissal of charges against the defendant/appellee Robert W. Driver. Driver was charged with exceeding the maximum legal speed limit on Lake George, in Steuben County, Indiana. The trial court's decision was based on its finding that the regulation Driver allegedly violated was invalid. The sole issue presented for review is:

whether the Department of Natural Resources exceeded its authority in promulgating the regulation limiting speeds on Lake George.

The regulation that Driver was charged with violating, and the one that the trial court held invalid is 310 I.A.C. 2–23–1 (1986 Supp.) which reads:

"Sec. 1.(a) Lake George in Steuben county [sic] is a public water of the state of Indiana. Unusual conditions and hazards exist because:

(1) Intensive and diverse uses are made of the waterway.

(2) The Michigan state boundary intersects the waterway, and with respect to the portion of Lake George located in Michigan, watercraft speed regulations exist which are incompatible in the absence of an Indiana rule.

(b) No person may operate a watercraft on Lake George at a rate of speed greater than ten miles per hour between the hours of 6:30 o'clock p.m. and 10:00 o'clock a.m., Eastern Standard Time."

The trial court held this regulation invalid because it found that the Department of Natural Resources (DNR) had exceeded its rule-making authority. An administrative agency, such as the DNR, is a creature of legislative enactment and therefore the agency's rule-making authority is strictly limited to its enabling statute. *Van Allen v. State* (1984), Ind.App., 467 N.E.2d 1210. In the present case, there is

a statute permitting the DNR to promulgate regulations. This statute, IND. CODE § 14-1-1-56 (1982) provides:

"Sec. 56. The department shall have authority and power to make and promulgate and, from time to time, to amend and modify rules and regulations not inconsistent with the provisions of this chapter with respect to:

Applications for and the issuance of permits and certificates required by this chapter;

(a) The conduct of motor boat races;

(b) Standards of safety for boats used to carry passengers for hire, the determination of the maximum weight which may safely be carried thereon and the inspection thereof;

(c) The safe operation of watercraft upon any public waters of this state where unusual conditions and hazards exist.

(d) The placement, location and maintenance of structures, buoys, markers, flags and other devices which are used for the purposes of swimming and extending the use of water skis, water sleds, aquaplanes, or similar objects or structures upon the public waters."

The trial court recognized that this statute is a legislative grant of authority for the DNR to promulgate regulations. The court also recognized that the regulation in question here falls within the scope of subsection (c) in that it establishes a rule regarding the safe operation of watercraft upon public waters where unusual conditions exist. Nonetheless, the court found the regulation invalid, because it did not comply with the second requirement of the authorizing statute, that is the trial court found that the regulation was inconsistent with other provisions of the chapter.

Specifically, the trial court found that 310 I.A.C. 2-23-1 was inconsistent with IND. CODE § 14-1-1-23 (1982) which reads:

"Sec. 23. No person shall operate any boat during the period between sunset and sunrise at a rate of speed greater than ten (10) miles per hour."

Thus the issue in this case reduces to whether, in fact, 310 I.A.C. 2-23-1 is inconsistent with IND. CODE § 14-1-1-23.

The word "inconsistent" is defined as, "[m]utually repugnant or contradictory; contrary, the one to the other, so that both cannot stand, but the acceptance or establishment of one implies the abrogation or abandonment of the other[.]" Black's Law Dictionary 689 (Rev. 5th Ed. 1979). Application of this definition to the case at hand demonstrates that the statute and the regulation are not inconsistent, because they are not contradictory. The two enactments are clearly in harmony with each other; they are each capable of concurrent operative effect. An individual can comply with the requirements of IND. CODE § 14-1-1-23, without violating 310 I.A.C. 2-23-1 and vice versa. Therefore 310 I.A.C. 2-23-1 is perfectly consistent with the enabling statute, IND CODE § 14-1-1-56 and the DNR has not exceeded its authority. The trial court's finding to the contrary is error, and, accordingly, this case is reversed and remanded for additional proceedings consistent with this opinion.

Reversed and remanded.

SHIELDS, P.J., and STATON, J., concur.