**STATE of Indiana ex rel. Denise YORK, As Administratrix of the Estate of Michael York, et al., Relators,**

v.

**NEWTON CIRCUIT COURT and The Honorable George Vann, As Regular Judge Thereof, Respondents.**

No. 56S00–8809–OR–805.

Supreme Court of Indiana.

Dec. 7, 1988.

Thomas A. Clements, Saul I. Ruman & Associates, Hammond, for relators.

Douglas K. Dieterly, Gerald F. Lutkus, Barnes & Thornburg, South Bend, for respondents.

GIVAN, Justice.

Relator filed her verified petition for writ of mandamus and prohibition in which she asked this Court to command the Newton Circuit Court and The Honorable George Vann, as Judge thereof, to vacate its order of June 10, 1988 granting a change of venue from the judge to the defendant Union Carbide Corporation in the case of *York, et al. v. Union Carbide, et al.,* Cause No. 56C02–8806–CP–184, and prohibiting the Newton Circuit Court and The Honorable George Vann, as Judge thereof, from venuing to any other judge said cause of action.

The facts are: Denise York, the relator herein, is the administratrix of the estate of Michael York. Michael was killed in an industrial accident while working at the

United States Steel Corporation's Gary works. A complaint was filed against a number of defendants on August 7, 1987 in the Lake Superior Court. One of the defendants filed for a change of venue which was granted, and a panel of counties was named by the trial court. The parties, however, failed to perfect the change of venue and the Lake Superior Court reassumed jurisdiction.

The complaint was later amended by relator and an additional defendant was added on March 28, 1988. As a second generation defendant, Foxboro Canada, Inc. moved for and was granted a change of venue from the county. This change was perfected and docketed in the Newton Circuit Court on June 9, 1988. The following day one of the first generation defendants, Union Carbide Corporation, moved for a change of judge. This was granted and a panel of three judges was named. Relator objected, pointing out that the motion for change of judge was not timely made within ten days of the last change of venue or failure to perfect a change of venue involving the first generation of defendants. A hearing was held on June 22, 1988 at which time the respondent overruled relator's objection and named a panel of three judges. Subsequently, relator brought this original action.

Relator argues that the naming of a second generation defendant does not invest a first generation defendant with a new time period for asking for a change of judge, citing Ind.R.Tr.P. 76(6), which reads as follows:

> "Provided further, in the event a change is granted from the judge or county within the prescribed period, as stated above, a request for a change of judge or county may be made by a party still entitled thereto within ten [10] days after the special judge has qualified or the moving party has knowledge the cause has reached the receiving county or there has been a failure to perfect the change. Provided, however, this subdivision (6) shall operate only to enlarge the time allowed for such request under such circumstances, and it shall not operate to reduce the period prescribed in subdivisions (2), (3), (4) or (5)."

It is relator's contention that Union Carbide was entitled to a change of judge within the ten [10] day period following the failure to perfect the change of venue from the county, but after that ten [10] day period had run, none of the first generation defendants was entitled to an additional automatic change of venue or change of judge. Relator takes the position that to allow such a change frustrates the purpose of having a time period which is designed to avoid protracted litigation, citing *State ex rel. Yockey v. Marion Superior Court* (1974), 261 Ind. 504, 307 N.E.2d 70.

For this Court to construe the Rule as requested by relator would be a frustration of the intent of the Rule. Relator takes the position that the language "by a party still entitled thereto" in the above-quoted Rule is sufficient to exclude Union Carbide from its present motion for change of judge. The import of subdivision six (6) of the Rule, when taken together with Rule 76 in its entirety, must be construed to mean that any party who has not yet had a change of judge must be considered to be entitled to a change "within ten [10] days after the . . . cause has reached the receiving county."

The obvious purpose of subdivision six (6) is to extend the fair play which the Rule in its entirety attempts to provide by giving the parties the opportunity to exercise the provisions of the Rule when a new situation has arisen. The only limitation on the exercise of this right is the proviso in the first subdivision of Rule 76 that a party shall be entitled to only one change from the county and only one change from the judge at any stage of the proceeding; once such rights have been exercised, they *no longer* exist.

The respondents in this cause correctly point out that to construe the Rule in the manner requested by relator would place parties such as Union Carbide in an impossible situation, requiring them to have moved for a change of judge in anticipation of a situation which had not yet developed.

It is the position of this Court that the trial judge ruled correctly on Union Carbide's motion for change of judge and that his ruling should stand. *See State v. Hancock Superior Court* (1979), 270 Ind. 221, 383 N.E.2d 1042; *State ex rel. Rodriguez v. Grant Circuit Court* (1974), 261 Ind. 642, 309 N.E.2d 145.

The order of the respondent court granting a change of judge to Union Carbide Corporation was correct.

Relator's petition for a writ of mandamus is therefore denied.

DeBRULER and DICKSON, JJ., concur.

SHEPARD, C.J., dissents without separate opinion.

PIVARNIK, J., not participating.