STATE of Indiana on the relation of Kathy PROSSER, Commissioner, Indiana Department of Environmental Management, Relator,

v.

The LAKE CIRCUIT COURT and The Honorable Lorenzo Arredondo, as Judge Thereof, Respondents.

No. 45S00–9009–OR–620.

Supreme Court of Indiana.

Jan. 22, 1991.

Rehearing Denied April 11, 1991.

John C. Hamilton, Doran, Blackmond, Ready, Hamilton & Williams, South Bend, for relator.

Robert F. Parker, Joy L. Colwell, Beckman, Kelly & Smith, Hammond, for respondents.

SHEPARD, Chief Justice.

The Indiana Department of Environmental Management (IDEM) sought a writ of mandamus to compel a trial court to grant a motion for change of venue after a third party intervened in IDEM's suit against the City of Gary, Indiana (City). We denied the writ and now record the basis for our denial.

On June 21, 1977, IDEM's predecessor in interest, the Stream Pollution Control Board, sued the City in the Lake Circuit Court. It sought an order mandating the City's compliance with environmental laws and regulations concerning landfills. The City filed its answer on January 25, 1980. Neither party moved for a change of venue.

The litigation continued for years until finally, on December 23, 1988, the trial court approved a settlement agreement, entering an order which provided for closing the landfill on January 1, 1990. The City moved for a partial stay of the order on January 2, 1990, but the trial court denied the motion. IDEM and the City continued their attempts to negotiate an end to the dispute.

In May 1990 the City informed the court that it proposed entering into an agreement with Indiana Waste Systems, Inc. (IWS), a management company whose role would be to remedy problems at the landfill and operate it. The City planned to enter the agreement in order to settle separate landfill-related litigation pending between itself and IWS in the Lake Superior Court. The agreement was to provide the City with IWS's technical support in the remediation

and operation of the landfill as well as IWS's participation in negotiation with IDEM in this case.

On June 4, 1990, the Lake Circuit Court noted that IDEM and the City had still not reached an agreement on how to resolve the dispute. The court found that the City had willfully violated its order of December 23, 1988, by keeping the landfill open. Finally, the court found that IDEM had violated the December order by failing to submit an authorized proposal for closing the landfill. The court fined the City and ordered it to pay a penalty for civil contempt. The court also ordered immediate implementation and financing of a proposal for implementation of the December 23 judgment which had been submitted on the State's behalf by the Attorney General's office in March 1990 and subsequently repudiated by IDEM. The court concluded by declaring that the case would remain open and active until the City was in full compliance with the order.

Following the June 4 order, the City negotiated a new agreement for remediation and operation of the landfill with two competitors of IWS, Mid–American Waste Systems, Inc. and Mid–American Waste Systems of Indiana, Inc. IDEM did not object to this agreement, and documents proposing an agreed judgment were presented to the trial court on June 5, 1990. The trial court stayed the execution and enforcement of its June 4 order and set July 2, 1990, as a hearing date for all issues arising after June 4, 1990.

On June 29, 1990, IWS moved to intervene and tendered an intervenor's complaint pursuant to Ind.Trial Rule 24. The trial court continued the July 2 hearing and held a hearing on the motion to intervene on July 6, 1990. Additional briefing followed the hearing, and the trial court granted IWS's motion to intervene on July 27, 1990. On July 31, 1990, IDEM moved for a change of venue under T.R. 76. The trial court held that IDEM's motion was untimely and denied it on August 16, 1990.

IDEM asked this Court to issue a writ mandating the trial court to grant its motion for a change of venue. It argued that its motion was timely filed because IWS's intervention raised new issues which were not closed until the City filed its answer to IWS's complaint on August 16, 1990. IDEM also argued that IWS's intervention made IDEM a second generation defendant with a right to an automatic change of venue.

■■■ IDEM's argument that its motion for change of venue was timely filed under T.R. 76 is not persuasive. Trial Rule 76 is intended to guarantee a fair and impartial trial by making an automatic change of venue available. *State ex rel. Yockey v. Superior Court of Marion County* (1974), 261 Ind. 504, 307 N.E.2d 70. The rule is also designed to avoid protracted litigation by imposing time limits after which a change of venue motion shall be denied. *Id.* at 506, 307 N.E.2d at 71–72. Under T.R. 76(2), a request for change of venue must be filed within ten days after the issues in a case are first closed on the merits, which occurs when the defendant files its original answer. *Id.* at 507, 307 N.E.2d at 72. Motions for automatic change of venue filed after the ten days have elapsed shall be denied.

IDEM contends that IWS brought new issues to the litigation and that these issues had not closed on the merits when IDEM filed for a change of venue. Inspection of the pleadings reveals that IWS made four requests for relief:

1. Rejection of the agreed judgment.

2. Reinstatement of the court's order of June 4, 1990.

3. A temporary restraining order, preliminary injunction, and permanent injunction prohibiting the City and IDEM, their employees, agents, and those acting in concert with them, from pursuing a permit under 329 I.A.C. 2, or any successor rules, for the City's open dump, since the granting of such a permit will be a violation of Ind.Code § 13–7–19–1 *et seq.*

4. An order requiring the City and IDEM to immediately remediate [sic] the City's open dump so as to bring it into strict compliance with all state, federal and local environmental laws and regulations, without regard to cost, and as

quickly as possible, and to otherwise comply with the agreed judgment of December 23, 1988.

Record at 174. We reject IDEM's argument. All of IWS's claims stem directly from issues already present in the case. Indeed, this is always the situation when a party's interests are so integrally related to a lawsuit that it qualifies for intervention under T.R. 24. An intervenor "take[s] the case as he finds it and cannot change the issues." *Cromer v. Sefton* (1984), Ind. App., 471 N.E.2d 700, 705; *see also Woermer v. City of Indianapolis* (1961), 242 Ind. 253, 177 N.E.2d 34, 39.

Even if IWS had raised new issues, the issues in this case were *first* closed when the City filed its answer to the plaintiff's complaint on January 25, 1980. IDEM failed to file a motion for change of venue within ten working days. IDEM's July 31, 1990, motion for change of venue was not timely filed. IDEM's apparently contrary authority on this point, *State ex rel. Dillon v. Superior Court of Marion County* (1968), 249 Ind. 340, 232 N.E.2d 602, has been superseded. *State ex rel. Chambers v. Jefferson Circuit Court* (1974), 262 Ind. 337, 316 N.E.2d 353; *State v. Porter Circuit Court* (1985), Ind., 486 N.E.2d 529; *State ex rel. NIPSCO v. Elkhart Superior Court* (1990), Ind., 556 N.E.2d 326.

We also reject IDEM's argument that it was entitled to an automatic change of venue because IWS's intervention made IDEM a "second generation defendant." A second or later generation defendant is entitled to an automatic change of venue under T.R. 76. *State ex rel. Radbel v. Jasper Superior Court* (1984), Ind., 467 N.E.2d 693. The purpose of this rule is to ensure a fair and impartial trial for parties who join the litigation after the original filings. *See id.* When a party who has been added to the litigation after the original filings effects a change of venue, the original parties obtain renewed venue rights if they have not previously exercised their rights. *State ex rel. York v. Newton Circuit Court* (1988), Ind., 531 N.E.2d 198. In this case, IWS has of necessity left the issues the same, and it has chosen not to

seek a change of venue. Accordingly, IDEM is entitled only to the forum it chose, the Lake Circuit Court.

The issues before the Lake Circuit Court first closed ten years before IDEM filed for a change of venue. Because IDEM's motion was not timely and because IDEM was not a second generation defendant, the trial court properly denied IDEM's motion for change of venue.

Upon these grounds we deny the petition for a writ.

DeBRULER, GIVAN, and DICKSON, JJ., concur.

KRAHULIK, J., is not participating.