AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO; Indiana Council 62, American Federation of State, County and Municipal Employees, AFL–CIO; and Local 349, American Federation of State, County and Municipal Employees, AFL–CIO, Appellants–Plaintiffs,

v.

CITY OF GARY and Thomas V. Barnes, in His Official Capacity of Mayor of the City of Gary, and Gary Employment Relations Commission, Appellees–Defendants.

No. 45A03–9010–CV–468.

Court of Appeals of Indiana, Third District.

Sept. 16, 1991.

Richard J. Darko, Mary Jane Lapointe, Lowe Gray Steele & Hoffman, Indianapolis, Samuel J. Goodman, Goodman Ball & Van Bokkelen, Highland, for appellants-plaintiffs.

Cora M. Vaughn, Vaughn & Associates, Gilbert King, Jr., Gary, for appellees-defendants.

HOFFMAN, Judge.

Appellants-plaintiffs (hereinafter referred to as "AFSCME") appeal the decision of the Lake Circuit Court refusing to order their certification as the exclusive bargaining representative of the City of Gary employees.

The facts relevant to this appeal disclose that in November of 1987, Richard G. Hatcher, outgoing mayor of the City of Gary, purported to recognize AFSCME as the exclusive bargaining representative of all city employees and subsequently entered into a labor agreement pursuant to that recognition. After January 1, 1988, AFSCME presented the agreement to the new mayor of Gary, Thomas V. Barnes, but he refused to honor it. On May 17, 1988, the Gary City Council passed Ordinance 6243 which extended collective bargaining to city employees. Pursuant to the ordinance, AFSCME filed a petition asking that an election be held. AFSCME also requested clarification of the last sentence of section 8(e) of the ordinance which provided as follows:

> "In any election where none of the choices on the ballot receives a majority, but a majority of all votes cast are for representation by some employee's organization which receives the majority of the votes in the unit in an election shall be certified by the Commission as the exclusive representative."

In response to AFSCME's request for clarification, H. Yvonne Coleman, attorney for the Gary Employment Relations Commission, issued a letter to AFSCME, the body of which read in pertinent part:

> "The language of Section 8(e), last sentence, is misleading and our review of the original draft Ordinance reveals that certain language is missing from the final Ordinance. The intent of the City Council was for the last two sentences to read as follows (the underlined phrase was omitted from the final draft):
>
> ... In any election where none of the choices on the ballot received a majority, but a majority of all votes cast are for representation by some employee's

organization, <u>a runoff election shall be conducted. An employees [sic] organization</u> which receives the majority of the votes in the unit in an election shall be certified by the Commission as the exclusive representative.

The original intent of the Council is clear with the above-noted corrections and the election scheduled for June 28, 1989 will be governed in accordance with that language as intended."

Several weeks prior to the election, the Commission posted notices of election which stated: "A majority of the valid ballots cast will determine the results of this election." Although a discrepancy clearly existed between the notices and the Coleman letter, AFSCME did nothing prior to June 28, 1989, the day of the election. AFSCME received a majority of the votes cast in the election but not a majority of votes in the two units involved in the election; therefore, the Commission refused to recognize or certify AFSCME as the bargaining representative. On June 30, 1989, AFSCME filed its objections to the election and requested certification as the exclusive bargaining representative. In July of 1989, the Commission issued a "Notice of Filing Objections" in which it directed the parties to submit written positions as to the Commission's intent to conduct a run-off election. AFSCME responded with a letter to the Commission rejecting a run-off election and demanding certification.

AFSCME filed a complaint against Barnes and the City of Gary to enforce the agreement with Hatcher. On September 13, 1989, AFSCME amended the complaint adding the Commission as a defendant and a count regarding certification. Defendants filed a motion to dismiss the complaint on October 19, 1989, which the court denied on October 24, 1989. On January 24, 1990, defendants filed an amended motion to dismiss which the trial court granted as to the second count of the complaint. After a trial to the bench on the first count of the complaint, the court found in favor

of defendants. The present appeal concerns only the second count of the complaint.

 AFSCME argues that the Lake Circuit Court lacked jurisdiction over the case because the Porter Circuit Court improperly granted defendants' motion for change of venue.[1] According to Ind.Trial Rule 76(2), a request for a change of venue must be filed within ten days after the issues in a case are first closed on the merits, which occurs when the defendant files his original answer. *State ex rel. Prosser v. Lake Cir. Court* (1991), Ind., 565 N.E.2d 751, 753. However, where the plaintiff files an amended complaint adding a defendant, this "second-generation" defendant is entitled to an automatic change of venue under T.R. 76. *Id.* at 754. This facilitates the purpose of the rule which is to provide a fair and impartial trial for parties who join the litigation after the original filings. *Id.* When a party who has been added to the litigation after the original filings effects a change of venue, the original parties obtain renewed venue rights if they have not previously exercised their rights. *Id.*

 Here, AFSCME filed an amended complaint adding the Commission as a defendant; therefore, the Commission was entitled as a second-generation defendant to an automatic change of venue. *Id.* However, as AFSCME notes, the original or first-generation defendants, Barnes and the City, actually filed the motion for change of venue. AFSCME, however, participated in the striking of counties and requested the setting of a trial date by the court to which venue was changed. Due to its acquiescence in the proceedings, AFSCME has waived its objection to the change of venue. *Cf. State ex rel. York v. Newton Circuit Ct.* (1988), Ind., 531 N.E.2d 198 (relator filed petition for writ of mandamus seeking to command circuit court to vacate order granting change of venue). The Lake Circuit Court did not lack jurisdiction over the case.

1. AFSCME filed its complaint in the Lake Superior Court then moved for a change of venue which was granted to the Porter Circuit Court.

AFSCME also claims the Lake Circuit Court erred in refusing to order its certification as the exclusive bargaining representative of the City of Gary employees.[2] Specifically, it contends the court misinterpreted Ordinance 6243, the ordinance which extended collective bargaining to city employees. The original draft of section 8(e) of the ordinance provided in pertinent part:

> In any election where none of the choices on the ballot receives a majority, but a majority of all votes cast are for representation by some employee's organization, a runoff election shall be conducted. An employees [sic] organization which receives the majority of the votes in the unit in an election shall be certified by the Commission as the exclusive representative. [Underline supplied.]"

As both parties note, the underlined portion was omitted from the final draft of the ordinance; however, the attorney for the Commission informed AFSCME of same several weeks prior to the election. Although AFSCME received a majority of the votes cast in the election, it did not receive a majority of votes in the two units involved in the election; therefore, in accordance with the ordinance, a run-off election was in order.

 Notwithstanding the above, AFSCME contends the notices of election the Commission posted should have governed the election. In contrast to the ordinance, the notices stated that a majority of the votes cast would determine the results of the election. However, if the Commission had certified AFSCME as the exclusive representative, it would have acted inconsistently with the ordinance. A commission cannot act beyond the powers conferred upon it by its enabling ordinance. *See State v. Driver* (1987), Ind.App., 511 N.E.2d 11 (administrative agency is creature of legislative enactment; therefore, agency's rule-making authority is strictly limited to its enabling statute). The judgment of the trial court is affirmed.

Affirmed.

STATON, J., concurs.

GARRARD, J., concurs in result with opinion.

GARRARD, Judge, concurring in result.

I concur in the result reached by the majority.

The real issue sought to be raised in this case is whether to win a representation election in an appropriate bargaining unit and thereby achieve bargaining rights, AFSCME had to win a majority of the valid votes cast in the election, or whether it was necessary that it win a majority of all those eligible to vote. In the nonprofessional unit there were 464 eligible voters, 185 ballots were counted and AFSCME received 157 votes. In the professional unit there were 29 eligible voters, 7 ballots were counted and AFSCME received 6 votes. There were additionally 34 challenged ballots in the nonprofessional unit and 2 challenged ballots in the other unit.

For me the critical point is that the *only* authority requiring the City of Gary to conduct elections or engage in recognition in the matters before us comes from Ordinance 6243 referred to and relied upon by the parties. Again, the only provision in the entire ordinance dealing with the actual conducting of an election is § 8(e). I quite agree with the contention voiced in AFSCME's brief, that this subsection "is not only ambiguous, it is totally incomprehensible." (Brief, p. 27) Since it was, in addition, the only section enacted by the City Council purporting to confer election rights, no rights were conferred. Therefore, the court correctly refused to order certification.

---

2. Defendants argue that the Lake Circuit Court lacks subject-matter jurisdiction because AFSCME failed to exhaust its administrative remedies prior to filing suit; however, AFSCME is appealing the Commission's determination that it failed to win the election, not the appropriateness of a run-off election.