STATE OF INDIANA *v*. THE CITY OF TERRE HAUTE, A MUNICIPAL CORPORATION.

[No. 1-1075A180.  Filed August 12, 1976.]

*Theodore L. Sendak*, Attorney General, *Susan J. Davis*, Deputy Attorney General, for appellant.

*James F. Smock*, City Attorney, *Stephen L. Trueblood*, Assistant City Attorney, of Terre Haute, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J.—Plaintiff-appellant State of Indiana (hereinafter State) appeals from the trial court's judgment entered on the City of Terre Haute's (hereinafter City) Motion For Judgment On Appraiser's Report.

We reverse.

## FACTS

The facts necessary for our disposition of this appeal are as follows: On September 13, 1961, the State commenced this action in eminent domain for the purpose of securing a right-of-way over property owned by the City. On September 29, 1961, three court appointed appraisers filed their report showing the City's damages to be $65,332.00.

On October 6, 1961, the State filed exceptions to the appraisers' report and asked for trial by jury. Following the State's failure to perfect a change of venue, the court re-docketed the case on February 24, 1964.

On June 23, 1964, trial by jury resulted in the trial court entering judgment on the jury's verdict in favor of the City for $94,330.00.

On appeal by the State our Supreme Court reversed the judgment of the trial court and awarded the State a new trial.[1]

The trial court, on its own motion, set the case for re-trial on September 20, 1971. On September 10, 1971, the State moved to cancel the trial date. On September 19, 1972, the State filed a motion for assignment of the case for jury trial. Trial was set for April 16, 1973. The City then sought, and was granted, a continuance. On the State's motion, trial was re-scheduled for April 16, 1974. Then, pursuant to agreement of both parties, the case was again continued.

---

1. *State of Indiana v. City of Terre Haute, A Municipal Corp.* (1968), 250 Ind. 613, 238 N.E.2d 459.

On May 2, 1974, the State filed a motion for assignment of a trial date and trial was set for October 29, 1974. On October 28, 1974, the City filed a "Motion to Enter Judgment on Court Appointed Appraisers' Award." On May 31, 1975, the trial court sustained the City's motion.

## ISSUES

1. Whether the State was denied a fair trial due to irregularity in the trial court proceedings; specifically entry of an order by the court assessing and awarding damages to the City in the amount of $65,332.00.

2. Whether the damages recovered by the City were excessive.

3. Whether the decision of the trial court to award the City $65,332.00 as recovery for its damages is supported by sufficient evidence.

4. Whether the decision of the trial court to award the City $65,332.00 as recovery for its damages is contrary to law.; specifically that the decision of the court denies the State its right to trial by jury.

## DISCUSSION AND DECISION

ISSUES ONE and FOUR:

We shall discuss issues one and four together because of their similarity.

The State argues that it was denied a fair trial by the trial court's entry of an order awarding damages in the amount of $65,332.00 to the City without affording the State a trial of the cause on its merits and requiring City to prove its damages caused by the taking and permitting State the opportunity to offer evidence rebutting City's proof of damages.

The City argues that the trial court was acting well within its inherent powers by entering judgment on the appraisers' report, and that the State should be estopped from asserting this issue because of laches.

IC 1971, 32-11-1-8 (Burns Code Ed.) provides:

"Any party to such action, aggrieved by the assessment of benefits or damages, may file written exceptions thereto in the office of the clerk of such court in vacation, or in open court if in session, within ten [10] days after the filing of such report, and the cause shall further proceed to issue, trial and judgment as in civil actions; the court may make such further orders, and render such findings and judgments as may seem just. . . ."

\* \* \*

The record discloses that State timely filed exceptions and requested a jury trial. Following the remand of this case by our Supreme Court, the record further discloses that neither party pursued this case with the diligence it deserved.

We first note that at the time the City sought the entry of a judgment on the appraisers' report on October 28, 1974, this case was already set to be tried on October 29, 1974. Both parties are at least partially responsible for the delays that have chronically plagued this case. Further, if the trial court was distraught, as its findings seem to us to indicate, that the parties were allowing this case to proceed without diligent prosecution there had been times during which this cause was pending that the trial court could have ordered a hearing for the purpose of dismissing the cause unless the State could show cause why the case should not be dismissed. Ind. Rules of Procedure, Trial Rule 41(E). This the court did not elect to do, but chose instead to deny State its day in court to have determined the award of damages suffered by City.

Trials on the question of damages in eminent domain proceedings are regarded as civil actions, IC 1971, 32-11-1-8, *supra,* and a trial by jury is demandable under appropriate circumstances. *Matlock* v. *Bloomington Water Co.* (1925), 196 Ind. 271, 275, 146 N.E. 852, 854.

We hold that the trial court's sustaining City's motion for judgment on the appraisers' report and awarding City $65,-

332.00 was contrary to law in that State was denied the right to rebut such damages as City might prove as a result of State's taking of property under the eminent domain proceedings commenced September 13, 1961.

We now find it unnecessary to discuss State's assignments of error two and three. *Bundy* v. *Ambulance Indianapolis Dispatch, Inc.* (1973), 158 Ind. App. 99, 301 N.E.2d 791, 794.

Reversed and remanded.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 352 N.E.2d 542.