STATE of Indiana on the Relation of the BOARD OF AVIATION COMMISSIONERS OF the CITY OF WARSAW, Indiana, Relator,

v.

KOSCIUSKO COUNTY SUPERIOR COURT and the Honorable Robert Burner, as Judge Thereof, Respondents.

No. 981S229.

Supreme Court of Indiana.

Jan. 8, 1982.

Ronald E. Elberger, Daniel C. Emerson, Bose, McKinney & Evans, Indianapolis, for relator; Bose, McKinney & Evans, Indianapolis, David M. Whitesell, Warsaw, of counsel.

Linley E. Pearson, Atty. Gen., George B. Huff, Jr., Deputy Atty. Gen., Indianapolis, Benton E. Gates, Jr., Gates & Gates, Columbia City, John P. Geberin, William M. Dalton, III, Bowser, Geberin & Dalton, Max E. Reed, Reed & Earhart, Michael E. Armey,

Rasor, Harris, Lemon & Reed, Warsaw, for respondents.

ORIGINAL ACTION

HUNTER, Justice.

This is an original action brought by relator following our denial of a temporary writ of mandate and prohibition on September 9, 1981. The issue raised by relator is whether a demand for a jury trial in eminent domain proceedings must be filed within thirty days of the filing of the initial complaint, or whether it may be filed after the filing of the exceptions to the appraisers' report. The trial court found that either party could demand a jury trial at any time within twenty days of the filing of exceptions to the appraisers' report and therefore the defendants' demand for jury trial was timely filed. The court then denied relator's motion to strike. We hereby set out our reasons why the majority of this Court voted to deny the writ.

The record discloses the following facts. The Board of Aviation Commissioners of the City of Warsaw, Indiana (Board), initiated certain condemnation proceedings in Kosciusko Superior Court on February 20, 1981, as part of a proposed expansion project for the Warsaw Municipal Airport. The action was brought pursuant to Ind. Code § 32–11–1–1 *et seq.* (Burns 1980 Repl.). The following chronology summarizes the action:

| February 20, 1981 | Condemnation complaints filed by Board. |
|---|---|
| March 2, 1981 | Defendant landowners filed objections and motion to dismiss. |
| May 5, 1981 | Court overruled defendants' objections and motion to dismiss. Court appointed appraisers. |
| May 22, 1981 | Appraisers' report is filed with the court. |
| June 9, 1981 | Defendants filed exceptions to the appraisers' report and demand for jury trial. |

| | |
|---|---|
| June 9, 1981 | Board filed motion to strike defendants' demand for jury trial. |
| July 15, 1981 | Hearing held on Board's motion to strike. |
| July 20, 1981 | Court denied Board's motion to strike. |

The lower court found that the defendants' demand for a jury trial was timely filed. We agree. It is well settled that eminent domain proceedings "are not civil actions but are actions of a special character based wholly upon the statute by which they are authorized." *City of Indianapolis v. Schmid*, (1968) 251 Ind. 147, 154, 240 N.E.2d 66, 70; *Indianapolis Water Co. v. Lux*, (1946) 224 Ind. 125, 64 N.E.2d 790; *City of Lebanon v. Public Service Co. of Indiana*, (1938) 214 Ind. 295, 14 N.E.2d 719.

This Court has previously recognized that condemnation proceedings involve two stages and are summary in nature until the question of damages is reached. *State ex rel. Chambers v. Jefferson Circuit Court*, (1974) 262 Ind. 337, 316 N.E.2d 353; *Matlock v. Bloomington Water Company*, (1925) 196 Ind. 271, 146 N.E. 852. During the initial or summary phase of the proceedings, the action consists solely of legal issues which are decided by the trial court. The proceeding is initiated by the filing of a condemnation complaint pursuant to Ind. Code § 32–11–1–2, *supra*. Objections may be filed to the complaint, Ind.Code § 32–11–1–5, *supra*; however, no responsive pleading is necessary at this stage. *State ex rel. Chambers v. Jefferson Circuit Court*, *supra*. After a consideration of the legality of the action and any objections which may have been filed, the trial court concludes this phase of the proceedings by entering an order of appropriation and appointing appraisers to assess the damages. Ind.Code §§ 32–11–1–4 and 32–11–1–5, *supra*. The right to a change of judge is applicable to both parties during this stage of the proceedings if timely filed in accordance with Ind.R.Tr.P. 76(3). *State ex rel. Chambers v. Jefferson Circuit Court, supra*.

During the second stage of the condemnation proceedings, the trial court, or a jury if requested, must determine the amount of damages sustained by the landowner. The appraisers' report is filed with the court, and defendants may then file exceptions to this report. The issues are formed as a matter of law upon the filing of the exceptions to the appraisers' award. Trials on the issue of damages have uniformly been regarded as civil actions and are clearly so designated in the statute. Ind.Code § 32–11–1–8, *supra*, provides in pertinent part:

"Any party to such action, aggrieved by the assessment of benefits or damages, may file written exceptions thereto in the office of the clerk of such court in vacation, or in open court if in session, within twenty [20] days after the filing of such report, *and the cause shall further proceed to issue, trial and judgment as in civil actions....*" [Emphasis added.]

*See also: Van Sickle v. Kokomo Water Works Co.*, (1959) 239 Ind. 612, 158 N.E.2d 460; *Matlock v. Bloomington Water Co., supra; State v. City of Terre Haute*, (1976) 170 Ind.App. 228, 352 N.E.2d 542.

Therefore, the filing of exceptions to the appraisers' report is a necessary responsive pleading which closes the issue of damages. We have clearly held that:

"It is the law that the issues to be tried in condemnation proceedings are those joined and raised by the report of the appraisers as to the benefits and damages assessed and the exceptions filed thereto by the aggrieved party." *State ex rel. Dillon v. Superior Court of Marion County*, (1968) 249 Ind. 340, 342, 232 N.E.2d 602, 603.

*See also: State v. Murray*, (1960) 240 Ind. 222, 163 N.E.2d 597. Therefore, under Ind. R.Tr.P. 38(B) the defendants would have until ten days after the filing of exceptions to timely file a request for jury trial.

In the instant case, the request for jury trial was filed on the same day as the exceptions to the appraisers' report and therefore was timely filed. The relator's motion to strike the demand for jury trial was properly denied.

The permanent writ is denied.

GIVAN, C. J., and DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., not participating.