## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 29 2017, 8:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rosemary Adams Huffman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Yasmin L. Stump
James A. Carter
Yasmin L. Stump Law Group, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Green Fields LTD, <br> *Appellant-Defendant,* <br><br> v. <br><br> Hancock County, Indiana, acting by and through The Board of Commissioners of Hancock County, Indiana, <br> *Appellee-Plaintiff.* | March 29, 2017 <br><br> Court of Appeals Case No. 29A04-1607-PL-1649 <br><br> Appeal from the Hamilton Superior Court <br><br> The Honorable Steven R. Nation, Judge <br><br> Trial Court Cause No. 29D01-1602-PL-1758 |

**Robb, Judge.**

# Case Summary and Issues

[1]     In this condemnation proceeding, Hancock County filed a complaint to appropriate land owned by Green Fields, Ltd., for the purpose of improving a bridge on a county road running through a portion of Green Fields' property. Green Fields filed objections to the complaint, and after the trial court overruled the objections, the trial court ordered the appropriation and the appointment of appraisers. Green Fields now appeals, raising two issues for our review: 1) whether the County is permitted by law to acquire Green Fields' property in fee simple, and 2) whether the County made a good faith offer and effort to negotiate the purchase of Green Fields' property pursuant to Indiana law. Concluding Indiana law permits a condemning authority to acquire property in fee simple and the County made a good faith offer and effort to negotiate the purchase of Green Fields' property, we affirm.

# Facts and Procedural History

[2]     Green Fields owns approximately eighty-nine acres of real property in Hancock County, Indiana. The property is bisected by County Road 300 South, which splits the property into Northern and Southern Parcels. Slicing through the Northern parcel is Brandywine Creek, over which the County previously constructed a bridge on the road. In 2015, the County sought to acquire certain portions of the Northern and Southern parcels in fee simple for the purpose of improving the bridge over Brandywine Creek: approximately 3 acres of the

Northern parcel and approximately 1 acre of the Southern Parcel.[1] Specifically, the County already had an existing right-of-way under the pavement of County Road 300 South totaling approximately .7 acres. The County also sought to acquire .034 acres as a temporary right-of-way for three years. For the purposes of this appeal, we label the property the County seeks to acquire as the "Acquisition Property."

[3] The County tasked Kenneth Stephenson of Beam, Longest & Neff ("BLN") with appraising the Acquisition Property for the purpose of a settlement. Stephenson is a certified general real estate appraiser in Indiana. On September 2, 2015, Stephenson sent Rosemary Huffman, the president and representative of Green Fields, a letter informing her the County intended to construct the bridge and he had been assigned to appraise the Acquisition Property, and requesting she contact him if she had any questions or concerns. Huffman did not respond to Stephenson's letter, and on September 9, 2015, Stephenson physically examined the property. A day later, after reviewing the property's legal description, parcel plats, title work, and previous sales of comparable real estate, Stephenson issued an appraisal report and concluded the fair market value of the Acquisition Property was approximately $17,900.

[4] Thereafter, a fellow certified real estate appraiser, Joseph A. Traynor, was tasked with independently reviewing Stephenson's appraisal report for the

---

[1] Green Field's property abuts at least two other landowners' properties and the record indicates the County has already acquired these properties in fee simple.

purpose of determining whether "the original appraisal is a good appraisal." Transcript at 73. Traynor's report was consistent with Stephenson's report and Traynor ultimately concluded the fair market value of the Acquisition Property was approximately $17,900.

[5] On October 12, 2015, Victoria Burch, a right-of-way purchaser for BLN, sent an official offer letter to Green Fields, which included the County's offer of $17,900 to purchase the Acquisition Property. After Green Fields countered at $70,803, the County raised its offer to $19,613, an offer Green Fields opted not to respond to.

[6] On December 30, 2015, the County initiated condemnation proceedings against Green Fields. On April 6, 2016, Green Fields filed its Objections to Proceedings and a memorandum of law in support of its objections, arguing (1) the County cannot acquire the Acquisition Property in fee simple, and (2) the County "failed to make a good faith effort to purchase according to statute and case authority as the negotiations were based on a defective appraisal that was replete with errors, omissions and false statements, and the process violated Federal law." Appellant's Appendix at 26.

[7] On June 10, 2016, the trial court held an evidentiary hearing at the request of Green Fields. At the hearing, the County admitted several exhibits and presented the testimony of Stephenson, Traynor, and Burch. Green Fields introduced evidence but did not present any witnesses. On June 23, 2016, the trial court overruled Green Fields' objections, ordered the case proceed to

appropriation, and appointed three additional independent appraisers pursuant to Indiana Code section 32-24-1-8(e). On July 25, 2016, Green Fields filed its notice of appeal.

# Discussion and Decision

## I. Standard of Review

[8] The State has inherent authority to take private property for public use. Eminent domain proceedings for seizing private property are powerful instruments of government. As long as the governmental entity intends to use the land for a public purpose that is constitutional, there are few defenses to prevent a taking. Such powers and rights, however, are not unlimited.

In eminent domain proceedings the focus of our judicial review is narrow. Significantly the courts are not to infringe upon the administrative act of determining the necessity or reasonableness of the decision to appropriate and take land. Like the trial court, we must restrict our review to whether the condemnation proceedings were legal, whether the condemning authority had authority to condemn the property in question, and whether the property was to be taken for a public purpose. Additionally, we have the power to question whether the condemnation was fraudulent, capricious, or illegal. In addressing allegations of fraud or bad faith, however, we are limited to considering only whether there was fraud, bad faith, capriciousness, or illegality as to the necessity of the taking, i.e., whether the property taken will not be used for a public purpose, or the proceeding is a subterfuge to convey the property to a private use.

*Knott v. State*, 973 N.E.2d 1259, 1262 (Ind. Ct. App. 2012) (citations and internal quotation marks omitted), *trans. denied*.

## II. Eminent Domain

Article 1, Section 21 of the Indiana Constitution, otherwise known as Indiana's eminent domain provision, provides, "No person's property shall be taken by law, without just compensation; nor, except in the case of the State, without such compensation first assessed and tendered." Eminent domain proceedings are governed by Indiana Code chapter 32-24-1 and take place in two separate phases: 1) the initial or summary phase, and (2) a phase where damages are determined. *State v. Dunn*, 888 N.E.2d 858, 861 (Ind. Ct. App. 2008), *trans. denied*, *cert. denied*, 558 U.S. 823 (2009).

During the initial or summary phase of the proceedings, the action consists solely of legal issues which are decided by the trial court. *State ex rel. Bd. of Aviation Comm'rs of City of Warsaw v. Kosciusko Cty. Super. Ct.*, 430 N.E.2d 754, 755 (Ind. 1982). Pursuant to Indiana Code section 32-24-1-8, the landowner may use this phase to file objections to the proceedings. *Id*. (addressing Indiana Code section 32-11-1-5 which was repealed and replaced with Indiana Code section 32-24-1-8). In addition, the party objecting has the burden of demonstrating condemnation is not proper. *State v. Collom*, 720 N.E.2d 737, 742 (Ind. Ct. App. 1999). "After a consideration of the legality of the action and any objections which may have been filed, the trial court concludes this phase of the proceedings by entering an order of appropriation and appointing appraisers to assess the damages." *Kosciusko*, 430 N.E.2d at 755.

[11]  Green Fields' first objection challenges the County's power to acquire the Acquisition Property in fee simple. Indiana Code section 32-24-1-3(a) states, "Any person that may exercise the power of eminent domain for any public use under any statute may exercise the power only in the manner provided in this article, except as otherwise provided by law." In addition, subsection (f) also clearly provides "the entire fee simple title may be taken and acquired." In sum, Indiana's eminent domain laws provide the County the power to appropriate and condemn real estate in fee simple if, in its discretion, it determines the real estate sought to be condemned is necessary for a public use. *Knott*, 973 N.E.2d at 1264.

[12]  Here, the County determined fee simple title in the Acquisition Property was necessary for a public use, i.e. to improve an already-existing bridge accessible by all members of the public traveling on a public road, and we fail to find any Indiana law or precedent supporting Green Fields' assertion that the County must submit additional evidence justifying its reasons for taking property in fee simple. In fact, our supreme court previously stated,

> We do not think the court has the power to inquire into the wisdom or propriety of such judgment unless a question of fraud or bad faith is raised as where an attempt is made to show that the property taken will not be used for a public purpose, or the proceeding is a subterfuge to convey the property to a private use.

*Cemetery Co. v. Warren Sch. Twp. of Marion Cty.*, 236 Ind. 171, 188, 139 N.E.2d 538, 546 (1957). We see no evidence of fraud, bad faith, illegality, or capriciousness. This argument fails.

[13] Green Fields' second objection challenges whether the County made a good faith offer or effort to negotiate the purchase of the Acquisition Property. Prior to initiating condemnation proceedings, the condemning authority "must make an effort to purchase for the use intended the land, right-of-way, easement, or other interest, in the property." Ind. Code § 32-24-1-3(b). An offer to acquire land prior to condemnation proceedings is considered a good faith offer as a matter of law if (1) the offer is based on the fair market value of the property as determined by an independent appraisal, (2) the offer is set forth in a uniform form letter sent to the landowner, (3) the offer includes a proposed purchase price, (4) the purchaser provides the property owner with an appraisal or other evidence used to establish the proposed purchase price, and (5) the purchaser conducts good faith negotiations with the owner of the property. *See Wagler v. W. Boggs Sewer Dist., Inc.*, 898 N.E.2d 815, 819, 819 n.2 (Ind. 2008).

[14] On the face of Green Fields' brief, it does not appear it directly challenges any of the specific elements noted above. Rather, Green Fields' argument relies solely on its claim Stephenson's appraisal was defective and therefore the County could not as a matter of law make a good faith offer or good faith effort to negotiate the purchase of the Acquisition Property. We certainly acknowledge some errors in Stephenson's appraisal, some of which are typographical, but Stephenson testified none of these errors changed his opinion of the fair market value of the Acquisition Property. In addition, Traynor also testified Stephenson's appraisal was a valid appraisal and agreed the fair market value of the Acquisition Property was $17,900. Further, even assuming the

errors affected Stephenson's opinion of the fair market value, we have previously noted a "[f]ailure to consider certain factors affecting damages and value does not render the offer invalid as not being in good faith." *Id*. at 819 (alteration in original) (citation omitted).

[15] Prior to the County initiating condemnation proceedings, Stephenson independently appraised the property and concluded the fair market value of the property was $17,900. The County then sent a uniform form letter to Green Fields offering $17,900 for the Acquisition Property; the County also provided Green Fields' with Stephenson's appraisal. When Green Fields countered with a substantially higher price, the County raised its original offer, but the parties still could not come to an agreement. Based on this evidence, the County made a good faith offer and good faith effort to negotiate the purchase of the Acquisition Property. We conclude the trial court did not err in overruling Green Fields' objections.

# Conclusion

[16] The trial court did not err in overruling Green Fields' objections to the County's condemnation action. Accordingly, we affirm.

[17] Affirmed.

Kirsch, J., and Barnes, J., concur.