

FILED

Apr 20 2026, 10:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Olena Bahler and Robert T. Bahler,

*Appellants-Defendants*

v.

Citizens Water of Westfield, LLC,

*Appellee-Plaintiff*

---

April 20, 2026

Court of Appeals Case No.
25A-PL-1922

Appeal from the Hamilton Superior Court

The Honorable J. Richard Campbell, Judge

Trial Court Cause No.
29D04-2504-PL-4597

---

**Opinion by Judge Foley**
Chief Judge Tavitas and Judge Kenworthy concur.

**Foley, Judge.**[1]

[1] In this eminent domain action, Citizens Water of Westfield, LLC ("Citizens")[2] sought an easement across real estate belonging to Robert T. Bahler ("Robert") and Olena Bahler ("Olena") (collectively, "the Bahlers"[3]) as part of a water line project. The Bahlers appeal from an order (1) overruling their objections to Citizens' complaint appropriating their real property and (2) granting Citizens an easement that included rights for sewer, gas, and other utility services in addition to the water line. We find a single issue dispositive: whether the easement granted to Citizens included use rights that exceeded the scope of Citizens' identified purpose of a water line extension.

[2] We conclude as a matter of law that Citizens did not establish a need for the additional utility uses. We therefore reverse the order overruling the objections to the scope of the easement sought and reverse the order of appropriation.[4]

---

[1] We held oral argument on Thursday, March 19, 2026, at the Indiana University Robert H. McKinney School of Law. We thank Dean Bravo, the law school, and the Moot Court Board for their generous hospitality, and we thank counsel for modeling skilled oral advocacy. We also thank the attending students, who posed incisive questions to the bench and the advocates following the oral argument.

[2] The complaint referred to Citizens Water of Westfield, LLC, but in appellate filings Citizens instead identifies itself as Citizens Wastewater of Westfield, LLC. The parties do not address this discrepancy.

[3] At times, this term refers only to Robert.

[4] Our disposition renders the remaining issues moot. We therefore do not address the timeliness of Olena's objections or the merits of any other objection to the complaint at issue on appeal; should Citizens amend its complaint pursuant to Indiana Code section 32-24-1-8(d), there will be a new timeline to file objections.

## Facts and Procedural History [5]

[3] Citizens—an Indiana public utility—filed a Complaint for Appropriation of Real Estate Interest on April 25, 2025, seeking a permanent, non-exclusive easement across the Bahlers' real property in Westfield, Indiana. Citizens alleged that easement was necessary "[f]or its project to install a water transmission line in Hamilton County" as part of the Central Feeder Main Project. Appellants' App. Vol. 2 p. 29. Citizens included a proposed easement description that would grant Citizens the right to "survey, construct, install, operate, use, maintain, test, inspect, modify, change the size of, replace, renew, relocate, construct, and remove improvements related to Citizens' or its affiliate's operation of a *water, sanitary sewer, natural gas*[,] *or other regulated utility service system*," together with associated equipment and appurtenances. *Id.* at 30–31 (emphasis added).

[4] The Bahlers were served on May 6, 2025, and Robert later moved for an extension of time to file objections. The trial court granted the motion on May 15, 2025, ordering that "Defendants have to and including June 14, 2025, to file objections hereto." *Id.* at 45. Olena did not separately move for an extension.

[5] Robert and Olena each filed separate but identical sets of objections on June 13, 2025. Paragraphs 5, 7, and 20 challenged the scope of the proposed easement:

---

[5] Concurrent with this opinion, we issue substantially the same opinion in a companion case, *Lingle v. Citizens Water of Westfield, LLC*, No. 25A-PL-1898 (Ind. Ct. App. April 20, 2026).

5. The terms and conditions of the easement that Citizens seeks to acquire in this case are excessive and beyond immediate or reasonable future need outside the scope of a public utility.

7. There is no public need or use for Citizens to operate a sanitary sewer, natural gas[,] or other regulated utility system other than a water system, the same being beyond their scope of incorporation in providing no immediate or public need.

20. Plaintiff's request is beyond that which is necessary, that is, it is beyond that which is based upon a present need or fair and reasonable future need.

*Id.* at 48, 50, 54, 56.[6]  On July 3, 2025, Citizens moved to strike Olena's objections as untimely, claiming Robert's extension of time did not extend Olena's deadline.  The court granted the motion, striking Olena's objections.

[6] On July 9, 2025, Citizens filed a motion to overrule Robert's objections to its complaint.  On July 14, 2025, the trial court overruled the objections without holding a hearing.[7]  On July 29, 2025, the trial court entered its Order of Appropriation of Real Estate Interest and Appointment of Appraisers, granting Citizens the specific easement rights that it requested.  The Bahlers now appeal.

---

[6] The Bahlers also raised objections related to service of process; however, the Bahlers withdrew most of those objections through their Amended Clarification of Argument on Appeal, filed after oral argument.  In any case, as earlier noted, our disposition renders other issues moot.  *Cf.* Ind. Code § 32-24-1-8(d) (allowing a condemnor to file an amended complaint after an objection is sustained; this filing would start a new objections period).

[7] Although the trial court struck Olena's objections, it entered a separate order overruling her objections.

## Discussion and Decision

[7] The Bahlers do not dispute that Citizens established a need for a water line. They argue, however, that Citizens sought more than it needed—an easement that included rights for sewer, gas, and other utilities without establishing a need for those uses. They argue that the trial court should have sustained objections to the complaint due to the scope of the easement sought.

[8] The State has inherent authority to take private property for public use. U.S. Const. amends. 5, 14 (authorizing a taking with just compensation); Ind. Const. art. 1, § 21 (same); *Duke Energy Ind., LLC v. Bellwether Props., LLC*, 192 N.E.3d 1003, 1006–07 (Ind. Ct. App. 2022), *trans. denied*. And "the legislature may delegate the State's eminent domain authority to other entities." *Bender Enters., LLC v. Duke Energy, LLC*, 201 N.E.3d 206, 208 (Ind. Ct. App. 2022). Indiana Code article 32-24 governs the delegation of eminent domain authority and prescribes procedures for its exercise. *See* Ind. Code §§ 32-24-1-3(a) (mandating that eminent domain authority be exercised "only in the manner provided in this article"), 32-24-4-1 (delegating the authority to public utilities like Citizens).

[9] Eminent domain actions "are not civil actions but are actions of a special character based wholly upon the statute by which they are authorized." *State ex rel. Bd. of Aviation Comm'rs of City of Warsaw v. Kosciusko Cnty. Sup. Ct.*, 430 N.E.2d 754, 755 (Ind. 1982) [hereinafter *Aviation*] (quoting *City of Indianapolis v. Schmid*, 240 N.E.2d 66, 70 (Ind. 1968)). An eminent domain action commences when an authorized party, known as the condemnor, files a

complaint proposing a taking. I.C. § 32-24-1-4(a). The ensuing proceedings are bifurcated; the first phase involves objections to the taking proposed in the complaint, and the second phase involves a computation of damages. *See* I.C. §§ 32-24-1-8(e), -9, -11; *Aviation*, 430 N.E.2d at 755. Where, as here, the trial court enters a ruling based on a paper record, our review is de novo. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006); *Johnson v. Poindexter Transp., Inc. & Crane Serv.*, 994 N.E.2d 1206, 1211 (Ind. Ct. App. 2013).

[10] Here, the Bahlers objected to the complaint. Indiana Code section 32-24-1-8 governs the filing of objections, specifying that a defendant may object to the proceedings "because the plaintiff does not have the right to exercise the power of eminent domain for the use sought . . . ." A utility "must demonstrate an immediate or present need for private property that it seeks to take through the power of eminent domain. *Wymberley Sanitary Works v. Batliner*, 904 N.E.2d 326, 336 (Ind. Ct. App. 2009), *trans. denied*. Put differently, a utility "may not maintain an action of condemnation for purely speculative future needs." *Id.* (quoting *Ind. & Mich. Elec. Co. v. Harlan*, 504 N.E.2d 301, 306 (Ind. Ct. App. 1987), *trans. denied*). The Indiana Supreme Court applied the necessity requirement in *Country Estates, Inc. v. Northern Indiana Public Service Co.*, explaining that the legislature "has limited [eminent domain authority] to the taking of property which is necessary in the operation of the business of the condemnor . . . ." 258 N.E.2d 54, 56 (Ind. 1970). Because a taking must be necessary, the Court concluded in that case that a utility would exceed its

authority by taking "an additional 50 feet [of land] for the contingent possibility of having to at some future time construct an additional [utility line] . . . ." *Id.*

[11] Applying these principles, we conclude that Citizens failed to establish a need for the easement it requested, and therefore, the trial court should have sustained Paragraphs 5, 7, and 20 of the objections. Citizens claimed the easement was necessary "[f]or its project to install a water transmission line" in connection with the Central Feeder Main Project. Appellants' App. Vol. 2 p. 29. This allegation was sufficient to establish Citizens' need for a water line easement. But the complaint did not establish that Citizens needed an easement allowing the additional uses incorporated into the easement description, which were rights related to "operation of a . . . sanitary sewer, natural gas[,] or other regulated utility service system . . . ." *Id.* at 30.

[12] Citizens argues that these additional uses would fit within the same geographic footprint as an easement for only a water line, and so the taking did not affect more physical real estate than necessary. *See* Appellee's Br. p. 28 (claiming this case is "distinguishable from cases in which a utility is taking more land than is presently needed" and an objection fails "if the acquisition area is needed for a valid use"). But an easement is not defined solely by its physical dimensions; rather, an easement is equally defined by the scope of its permitted uses. *See* I.C. § 32-24-1-4(b) (specifying that a condemnation complaint must state "[t]he use the plaintiff intends to make of the property or right sought to be acquired[,]" and, "[i]f a right-of-way is sought, the location, general route, width, and the beginning and end points of the right-of-way"). As to the scope

of permitted uses here, the proposed taking exceeded the need identified in the complaint, and Citizens has not persuaded us that takings law allows for bootstrapping additional, speculative uses within an easement area.

Citizens also suggests that, without additional compensation to the Bahlers, it could have obtained a limited water line easement and then lawfully engaged in sewer, gas, and other utility uses. Citizens then argues that by including the additional uses in the easement it sought in this case, the Bahlers are better served because Citizens must compensate the Bahlers for the broader rights in the damages phase.[8] Citizens relies on cases involving existing easements and whether a new use falls within the scope of an existing easement. For example, in *Howard v. United States*, the Indiana Supreme Court explained that a new use falls "within the scope of the easement" if the new use "is compatible with the original purpose" of the easement. 964 N.E.2d 779, 783 (Ind. 2012) (emphasis removed). In that case, the Court addressed a "rails to trails" project converting railroad tracks to public trails; landowners argued that recreational trail use fell outside the scope of the existing easement for transportation. *Id.* In answering a certified question regarding the use for a public trail, our Supreme Court agreed with the landowners, concluding that the purpose of the easement was for transportation and "[t]he transformation of a line of railway to a public trail imputes a different purpose." *Id.* at 784.

---

[8] These arguments arose at oral argument, following Citizens' filing of a Notice of Additional Authority.

[14] The principles in *Howard* do not apply here. That is, *Howard* and its predecessors involved existing easement rights, and the question was whether a particular new use was compatible with the original purpose of the easement. Here, there are no existing easement rights, and the Bahlers are challenging the taking itself, not any subsequent use within an established easement. More fundamentally, Indiana landowners have the ability under statute to object to a taking where the condemnor lacks "the right to exercise the power of eminent domain for the use sought . . . ." I.C. § 32-24-1-8(a)(2). The question is not whether Citizens must compensate the Bahlers for all of the rights condemned, but rather whether Citizens has the power to condemn for uses that are unrelated to the "use sought," which in this instance is the installation of a water transmission line.

[15] Citizens further contends that including easement rights for sanitary sewer, natural gas, or other utility systems reflects engineering judgment that should not be second-guessed. *See* Appellee's Br. p. 31 ("Here, Citizens is the party with the engineering expertise to determine the best and most efficient manner to install its utility infrastructure in the interests of conserving important ratepayer and judicial resources and in accordance with [regulatory standards] and accepted engineering practices."). However, we are constrained by Citizens' own characterization of its project as being a "project to install a water transmission line. . . ." Appellants' App. Vol. 2 p. 29. Furthermore, to the extent Citizens claims the additional uses are de minimis, we note that the statutory framework does not contain a de minimis exception that would

relieve a condemnor of the requirement of demonstrating a need for each proposed use.

[16] For the foregoing reasons, we conclude that the trial court should have sustained Paragraphs 5, 7, and 20 of the objections, which related to the scope of the easement rights that Citizens sought to acquire in its complaint. Indeed, the complaint established a need for a water line only, and the easement description exceeded that need by incorporating rights for sewer, gas, and other utility services for which Citizens alleged no present or prospective need. We therefore reverse the order overruling those objections and the Order of Appropriation of Real Estate Interest and Appointment of Appraisers, which flowed from the trial court's decision overruling the objections. We remand for further proceedings as necessary, noting that pursuant to Indiana Code section 32-24-1-8(d), Citizens has the right to amend its complaint if it chooses, whereupon the Bahlers would have a new period to file objections.

[17] Reversed and remanded.

Tavitas, C.J., and Kenworthy, J., concur.

ATTORNEYS FOR APPELLANTS

Zechariah D. Yoder
Raymond M. Adler
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Yasmin L. Stump
Erica S. Sullivan
Yasmin L. Stump Law Group, PC
Carmel, Indiana